789 P.2d 1146

JERRY J. JOSEPH C.L.U. INSURANCE ASSOCIATES, INC., a California corporation, Plaintiff–Appellant,

v.

David VAUGHT and Althea Vaught, Defendants–Respondents.

No. 17693.

Court of Appeals of Idaho.

March 21, 1990.

Roden, Welch, Arkoosh, Riceci & French, Boise, attorneys for plaintiff-appellant. Randal J. French, argued.

William H. Wellman, Nampa, for defendants-respondents.

## SUBSTITUTE OPINION

The Court's prior opinion dated October 31, 1989, is hereby withdrawn.

### BURNETT, Judge.

This case arises from a dispute between owners of adjoining properties. The substance of the dispute has been resolved by a settlement in which the defendants essentially agreed to all of the substantive relief sought in the plaintiff's complaint. By subsequent order, however, the magistrate denied the plaintiff's request for attorney fees, holding that the defendants had prevailed in part because the settlement also provided for removal of a lis pendens on the defendants' property. The issue before us is whether a party who loses on all substantive issues in a case can be said to prevail, even in part, because a lis pendens has been quashed. Our answer, in the circumstances of this case, is "no."

### I

The relevant facts may be summarized briefly. David and Althea Vaught purchased two parcels of real property that had been divided by a prior owner. The Vaughts subsequently encountered financial difficulties, causing them to default on a deed of trust securing one of the parcels. The plaintiff, Jerry L. Joseph C.L.U. Insurance Associates, Inc., acquired the beneficiary's interest in this parcel. The Vaughts retained the adjoining parcel. Joseph's corporation soon found itself in a dispute with the Vaughts about an access easement across the retained parcel and about responsibility for $604 in irrigation assessments made on the corporation's parcel while the Vaughts were occupying it. After sending a demand letter, the corporation sued in the magistrate division of the district court. The complaint sought a judgment compelling the Vaughts to reim-

burse the corporation for the irrigation assessments, to record an instrument establishing an access easement, and to remove a fence hindering use of the easement. When the corporation filed its complaint, it also recorded a lis pendens on the Vaughts' retained parcel. The Vaughts promptly asked the court to quash the lis pendens.

Negotiations ensued. The Vaughts agreed, in a letter prepared by their counsel, to pay the corporation all money due, to record the easement, and to remove the fence. Accordingly, the corporation agreed that the lis pendens could be quashed, and the court entered an order to that effect. The parties further agreed that any remaining issues as to costs and attorney fees would be decided by the court. Several weeks passed. The Vaughts repaid the irrigation assessments, but the fence was not removed nor was the easement recorded as agreed. The corporation filed an amended complaint, seeking to compel those actions and to obtain an award of attorney fees under I.C. §§ 12–120 and 12–121. It is not clear from the record whether the Vaughts ultimately performed all of the obligations specified in the settlement letter. In any event, the corporation asked the court to rule on its request for attorney fees. The court declined to make any award. The corporation appealed to the district court, which affirmed the magistrate's order denying attorney fees. The corporation appealed again, bringing the matter to us.

## II

As noted, the magistrate refused to make an attorney fee award because he believed that neither party had wholly prevailed. Rather, in his view, each party had prevailed in part—the corporation because it established its right to all substantive relief requested in the complaint, and the Vaughts because the lis pendens had been quashed.

█ The magistrate's ruling is subject to a deferential standard of review. The identification of prevailing parties is committed to the trial court's sound discretion. *Gilbert v. City of Caldwell,* 112 Idaho 386, 399, 732 P.2d 355, 368 (Ct.App.1987). Even so, the court's discretion is not unbridled. When reviewing an exercise of discretion, we ascertain whether the lower court correctly perceived the issue as one of discretion; whether the lower court acted within the boundaries of such discretion and consistently with any legal principles applicable to any specific choices; and whether the court reached its decision by an exercise of reason. *Standards of Appellate Review in State and Federal Courts,* § 3.4, IDAHO APPELLATE HANDBOOK (Idaho Law Foundation, Inc., 1985). Here, the critical question is whether the magistrate's decision was consistent with applicable legal principles.

█ The determination of a prevailing party involves a three-part inquiry. The court must examine (1) the result obtained in relation to the relief sought; (2) whether there were multiple claims or issues; and (3) the extent to which either party prevailed on each issue or claim. *Chadderdon v. King,* 104 Idaho 406, 411, 659 P.2d 160, 165 (Ct.App.1983) (review denied). The result obtained may be the product of a court judgment or of a settlement reached during the course of litigation. *See Ladd v. Coats,* 105 Idaho 250, 668 P.2d 126 (Ct.App. 1983). Here, the settlement during litigation established the corporation's right to all substantive relief it had sought. Thus, the issue has been narrowed to whether the lis pendens represented a separate issue or claim on which it could be said that the Vaughts prevailed. We think not.

█ A lis pendens is a notice to the world of the existence of a claim affecting certain real property. *See* I.C. § 5–505; *Suitts v. First Security Bank of Idaho, N.A.,* 100 Idaho 555, 559, 602 P.2d 53, 57 (1979). The lis pendens does not purport, by itself, to establish or to change anyone's legal rights. Of course, the filing of a lis pendens may highlight a possible legal problem affecting the property, thereby inducing an extra measure of caution by potential purchasers or lenders until the litigation is concluded. But this does not mean that any underlying legal rights have

been altered. By parity of reasoning, the removal of a lis pendens, as the result of a settlement or judgment, has no effect on legal rights. It simply is a signal that a dispute over those rights has been resolved. Moreover, in this case, the lis pendens was quashed only after the Vaughts had agreed to all substantive relief sought by the plaintiff. Therefore, the removal of the lis pendens in this case could not be viewed in any genuine sense as a victory for the Vaughts, elevating them to the status of partially prevailing parties. In concluding otherwise, the magistrate misapplied the law and thereby abused his discretion.

## III

■ Accordingly, we remand this case to the district court, with direction to remand it further to the magistrate division, so the corporation's request for attorney fees can be reconsidered. As guidance on remand, however, we note that an attorney fee award is not mandated merely because the corporation is the sole prevailing party. Any award must be authorized by statute or contract. Here, there was no contract between the parties other than the settlement letter, which merely said that any attorney fee issue would be decided by the court. The letter created no entitlement to attorney fees. Consequently, our attention shifts to the statutes, I.C. §§ 12–120 and 12–121, cited by the corporation.

■ The corporation urges application of I.C. § 12–120 upon two apparent bases. First, it contends that the complaint was for a sum under $25,000—i.e., the unpaid irrigation assessments of $604. This monetary claim, argues the corporation, brings the case within I.C. § 12–120(1). It is clear, however, that the $604 claim was the least significant element of this litigation. The gravamen of the suit, as reflected in the corporation's amended complaint, pertained to the fence and the easement. In our view, nonpecuniary issues cannot be bootstrapped into I.C. § 12–120(1) by combining them with incidental claims for monetary relief. Cf. Chenery v. Agri-Lines Corp., 106 Idaho 687, 682 P.2d 640 (Ct.App.

1984) (review denied) (tort claim cannot be bootstrapped into I.C. § 12–120(3) by combining it with subsidiary contract dispute). Moreover, the record in this case provides no basis to segregate the services of counsel on the monetary claim from services directed toward the main issues.

■ Second, the corporation seeks to invoke I.C. § 12–120 by characterizing the case as one arising from a "contract" or "commercial transaction" within the meaning of I.C. § 12–120(3). We are not persuaded. Not all "contracts" are within the scope of the statute. See Bastian v. Albertson's, Inc., 102 Idaho 909, 643 P.2d 1079 (Ct.App.1982) ("contract" language of statute does not embrace real property disputes). In any event, there was no contract in the present case, other than the settlement agreement. This litigation plainly did not arise from that agreement. Neither was there a "transaction" between the parties, giving rise to this litigation. The case arose from a dispute between neighbors relating primarily to a fence and an easement. Although the litigation might have had commercial impact on one or both of the parties, this circumstance would not bring the case within the "commercial transaction" language of I.C. § 12–120(3). Idaho Newspaper Foundation v. City of Cascade, 117 Idaho 422, 788 P.2d 237 (Ct.App.1990).

■ Consequently, the scope of our remand is limited to I.C. § 12–121. Under I.R.C.P. 54(e)(1), an award of attorney fees under this statute may be made only if the trial court finds that a claim was brought or defended frivolously, unreasonably or without foundation. Because this case was decided below on the basis that there was no prevailing party, the magistrate did not reach the question of whether the Vaughts resisted the suit frivolously, unreasonably or without foundation. On remand, the magistrate must make this determination. Although Joseph's corporation has asked us to decide the issue ourselves, we decline to override the trial court's function of exercising discretion in the first instance.

In summary, the district court's decision, upholding the order denying attorney fees, is reversed. On remand, the magistrate is directed to vacate the order and to reconsider the attorney fee issue in conformance with this opinion. Costs to appellant. No attorney fees in this appeal.

WALTERS, C.J., and SWANSTROM, J., concur.