CHAMPION PRODUCE, INCORPORATED, an Idaho corporation, Plaintiff–Appellant,

v.

RUBY ROBINSON CO., INC., a corporation, Defendant–Appellee.

Champion Produce, Incorporated, an Idaho corporation, Plaintiff–Appellee,

v.

Ruby Robinson Co., Inc., a corporation, Defendant–Appellant.

Nos. 01–35887, 01–35893.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 6, 2003.

Filed Sept. 8, 2003.

Terry C. Copple and Terri R. Yost, Davison, Copple, Copple & Copple, Boise, ID, for the plaintiff-appellant/appellee.

Rex Blackburn, Evans & Keane, and Robert M. Andalman, III, Altheimer & Gray, Chicago, IL, for the defendant-appellee/appellant.

Before: REINHARDT, W. FLETCHER and GOULD, Circuit Judges.

WILLIAM A. FLETCHER, Circuit Judge.

The cross appeals in this diversity case arise out of a breach of contract. Each party appeals aspects of the district court's post-judgment order. We affirm. Among other things, we hold that the cost-shifting provision of Federal Rule of Civil Procedure 68 does not permit an award of post-offer attorneys' fees when the underlying state statute authorizes an award of attorneys' fees to a prevailing party as part of costs, but when the party seeking attorneys' fees under the rule is not a prevailing party within the meaning of that statute.

## I. Background

Champion Produce, Inc. ("Champion") grows and packages produce, which it then sells to buyers throughout the United States. Ruby Robinson Co. ("Ruby") buys produce from companies like Champion, which it resells to retailers and restaurants. In August 1999, Champion and Ruby entered a contract under which Ruby agreed to purchase onions from Champion during the 1999–2000 onion season. The following June, Champion filed suit against Ruby in Idaho state court, alleging that Ruby had breached the contract and seeking $338,137.09 in damages, plus prejudgment interest, attorneys' fees, and costs. Ruby removed to federal court based on diversity of citizenship.

After removal but before entry of judgment, Ruby made Champion an offer of judgment of $150,000 pursuant to Federal Rule of Civil Procedure 68. Rule 68 provides that "a party defending a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued." If the offeree rejects the offer, and "the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after making the offer." Fed.R.Civ.P. 68. Ruby's Rule 68 offer explicitly stated that it was "inclusive of all interest, costs, attorneys fees or other amounts that Champion could claim in this matter against Ruby."

Champion rejected Ruby's offer. After trial, the jury returned a verdict for Champion for $103,513.75, substantially less than both the damages sought in the complaint ($338,137.09) and Ruby's offer of judgment ($150,000). The jury also answered special interrogatories, in which it stated that Ruby was in breach but also that the contract had been partially waived or modified.

Pursuant to Federal Rule of Civil Procedure 59(e), Champion moved to amend the judgment to include $12,421.65 in prejudgment interest, as well as $41,794.85 in costs and attorneys' fees incurred prior to Ruby's Rule 68 offer. The inclusion of

these amounts in the judgment would have resulted in a judgment larger than Ruby's Rule 68 offer, and thus would have avoided cost-shifting under the rule. Champion also moved to amend the judgment to include post-offer costs and attorneys' fees. The district court denied Champion's motions.

Ruby moved for an award of post-offer costs and attorneys' fees under Rule 68. The district court granted Ruby's motion for post-offer costs. It refused, however, to award post-offer attorneys' fees.

Both parties timely appealed. Champion contends that the district court: (1) erred in denying its motion for prejudgment interest, and for pre-offer costs and pre-offer attorneys' fees; (2) erred in denying its motion for post-offer costs and post-offer attorneys' fees; and (3) erred in granting Ruby's motion for post-offer costs. Ruby contends the district court erred in denying its motion for post-offer attorneys' fees.

■■■ We review a denial of prejudgment interest under state law for abuse of discretion. *Mutuelles Unies v. Kroll & Linstrom*, 957 F.2d 707, 714 (9th Cir.1992). We also review a denial of attorneys' fees under state law, *Barrios v. Cal. Interscholastic Fed'n*, 277 F.3d 1128, 1133 (9th Cir. 2002), as well a denial of costs under Rule 54(d)(1), *Ass'n of Mexican–American Educators v. California*, 231 F.3d 572, 592(9th Cir.2000) (en banc), for abuse of discretion. We review a district court's interpretation of Rule 68 de novo. *Simon v. Intercont'l Transp. (ICT) B.V.*, 882 F.2d 1435, 1439(9th Cir.1989). To the extent the district court's Rule 68 analysis turns on disputed factual findings, we review for clear error. *Id.*

For the reasons that follow, we affirm the district court in all respects.

## II. Discussion

### A. Denial of Prejudgment Interest and Pre–Offer Costs and Attorneys' Fees to Champion

Champion appeals the district court's denial of its motion to amend the judgment to include prejudgment interest and pre-offer costs and attorneys' fees. Where a Rule 68 offer explicitly states that it is inclusive of prejudgment interest and pre-offer costs and attorneys' fees, the judgment to which the offer is compared must include these items if they are awarded. Only pre-offer costs and attorneys' fees are included for purposes of comparison, because post-offer costs and fees "merely offset part of the expense of continuing the litigation to trial, and should [therefore] not be included in the calculus." *Marek v. Chesny*, 473 U.S. 1, 7, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985). *See Tunison v. Cont'l Airlines Corp.*, 162 F.3d 1187, 1192 (D.C.Cir.1998) (explaining that where "the offer includes pre-offer costs, the amount of judgment used for comparison must include pre-offer costs as well, if they are to be ·awarded"); *Marryshow v. Flynn*, 986 F.2d 689, 692 (4th Cir.1993) ("It is neither logical or consistent with the rule and applicable authority to compare an offer of judgment which includes all costs, including attorneys' fees, and a judgment finally obtained which includes no costs.").

#### 1. Denial of Prejudgment Interest to Champion

■ The district court properly looked to Idaho law to determine Champion's right to prejudgment interest. *Mutuelles Unies*, 957 F.2d at 714. Under Idaho Code § 28–22–104(1), a party is entitled to prejudgment interest on money due under an express contract only when the principal amount of liability is liquidated or ascertainable by a mere mathematical calculation. *See* Idaho Code § 28–22–

104(1)("When there is no express contract in writing fixing a different rate of interest, interest is allowed at the rate of twelve cents ... on the hundred by the year on: (1) Money due by express contract."); *Bott v. Idaho State Bldg. Auth.,* 128 Idaho 580, 917 P.2d 737, 749(1996). Applying this standard, the district court denied prejudgment interest to Champion, explaining that "in light of the conflicting evidence presented by both parties concerning the contract prices and whether these prices had been modified or waived, the principal amount of liability under the parties' contract was not liquidated or ascertainable by mere mathematical processes prior to trial." The district court did not abuse its discretion in so holding.

In *Farm Development Corp. v. Hernandez,* 93 Idaho 918, 478 P.2d 298 (1970), the defendant had breached its contract to reimburse the plaintiff for half of the cost of applying fertilizer to a beet crop. The Idaho Supreme Court held that the plaintiff was not entitled to prejudgment interest under § 28–22–104:

> In order for interest to be computed from the date of the contract, the amount upon which the interest is to be based must have been mathematically and definitely ascertainable. Farm Development has limited its claim for interest solely to that amount due for the fertilizer, contending that since the number of pounds of fertilizer per acre is set forth in the contract, the amount due is mathematically ascertainable. The evidence introduced by the parties was conflicting on the amount actually paid and the value thereof and the trial court believed that no exact price has been proven and further, that the price used for the award was obtained by merely striking a balance within the range of prices offered by the evidence. It cannot be said, therefore, that the amount was ascertainable 'by mere mathematical processes.'

*Id.* at 300. *See also Bouten Constr. Co. v. H.F. Magnuson Co.,* 133 Idaho 756, 992 P.2d 751, 762 (1999) ("In *Farm Development Corp.,* this Court denied pre-judgment interest where the amount of liability was disputed by the parties. This court found that the price was set in the contract, but because there was conflicting evidence of the price actually paid and the actual value of the product, the amount was not 'ascertainable by mere mathematical processes.'" (citation omitted)); *cf. Dillon v. Montgomery,* 138 Idaho 614, 67 P.3d 93, 96–97 (2003) (holding that the trial court did not abuse its discretion in awarding prejudgment interest, despite the fact that the amount of liability was disputed, where the contract explicitly set forth a procedure for easily determining the contract amount in the event of a dispute).

Champion argued at trial that it incurred roughly $330,000 in damages due to Ruby's breach. Ruby countered that to the extent a contract existed, the parties had modified and/or waived the price and/or quantity terms. The jury agreed with Ruby. Special Interrogatory # 4 asked:

> Do you find that Ruby Robinson has proven by clear and convincing evidence that the parties' contract ... was modified by the parties, or that Champion Produce waived the terms of the contract relating to quantity or price?

The jury answered: "Yes, but only in part." It awarded Champion $103,513.75 in damages, a figure neither party had advanced at trial.

Champion contends that because the jury appears to have used two numbers introduced into evidence to compute the $103,513.75 damage award, the amount was "ascertainable by a mere mathematic calculation." The fact that the damages became mathematically ascertainable *after* the jury decided, in light of conflicting

evidence, which numbers were relevant does not render the damages mathematically ascertainable within the meaning of Idaho Code § 28–22–104(1). If it were otherwise, damages would be "mathematically ascertainable" in every case in which the trier of fact ultimately determines the relevant numbers and then calculates the award based on those numbers. This result would be contrary to Idaho law. *See Opportunity, L.L.C. v. Ossewarde,* 136 Idaho 602, 38 P.3d 1258, 1265–66 (2002) (holding that where damages equaled the difference between the market value of a certain piece of property and the amount due under a promissory note, and the market value was subject to dispute, the amount of damages "was not liquidated or subject to mathematical calculation until judgment was entered" and prejudgment interest was therefore denied); *Farm Dev.,* 478 P.2d at 300 (denying prejudgment interest although a compromise price was ultimately chosen by the jury and used to calculate damages pursuant to a mathematical formula).

### 2. Denial of Pre–Offer Costs to Champion

An award of standard costs in federal district court is normally governed by Federal Rule of Civil Procedure 54(d), even in diversity cases. *See In re Merrill Lynch Relocation Mgmt., Inc.,* 812 F.2d 1116, 1120 n. 2 (9th Cir.1987). Rule 54(d)(1) creates a presumption in favor of awarding costs to a prevailing party, but the district court may refuse to award costs within its discretion. *See* Fed.R.Civ.P. 54(d)(1) ("[C]osts other than attorneys' fees shall be allowed as of course to the prevailing party *unless the court otherwise directs* . . . ." (emphasis added)); *Mexican–American Educators,* 231 F.3d at 591.

The discretion of the district court, however, is not unlimited. As we explained in *Mexican–American Educators,*

[a] district court must "specify reasons" for its refusal to award costs. On appeal, we determine whether the reasons that the district court has specified are appropriate and whether, considering those reasons, the court abused its discretion in denying costs.

. . . .

Federal Rule of Civil Procedure 54(d)(1) establishes that costs are to be awarded as a matter of course in the ordinary case. Our requirement that a district court give reasons for denying costs is, in essence, a requirement that the court explain why a case is not "ordinary" and why, in the circumstances, it would be inappropriate or inequitable to award costs.

231 F.3d at 591–92, 593 (citation omitted). We have previously approved as appropriate reasons for denying costs: (1) a losing party's limited financial resources; (2) misconduct by the prevailing party; and (3) "the chilling effect of imposing . . . high costs on future civil rights litigants." *Id.* at 592 (internal quotation marks omitted). In addition, we noted with approval in *Mexican–American Educators* that other circuits have held that the following factors are appropriate: (1) the issues in the case were close and difficult; (2) the prevailing party's recovery was nominal or partial; (3) the losing party litigated in good faith; and, perhaps, (4) the case presented a landmark issue of national importance. *Id.* at 592 n. 15. *See also Save Our Valley v. Sound Transit,* 335 F.3d 932, 945(9th Cir.2003).

In this case, the district court assumed, for purposes of its analysis, that Champion was the "prevailing party" within the meaning of Rule 54(d)(1). *See* D. Idaho Local Rule 54.1(b) ("Generally, the prevailing party is the one who successfully prosecutes the action or successfully defends against it, prevails on the merits

of the main issue, and the one in whose favor the decision or verdict is rendered and judgment entered."). It nonetheless refused to award Champion pre-offer costs for three reasons. First, the court noted that "[a]lthough Plaintiff ultimately prevailed on its breach of contract claim, the damages awarded by the jury were significantly less than the amount of damages Plaintiff initially claimed was due under the contract." Second, it noted that "despite Plaintiff's argument to the contrary, Defendant's Rule 68 offer of judgment exceeded the amount of the final judgment in Plaintiff's favor." Third, it noted that the "Defendant ultimately prevailed with respect to its affirmative defenses of modification and waiver of the contract, which is evidenced by the fact that the jury awarded Plaintiff damages in an amount much less than what Plaintiff claimed was due under the contract."

The first and third reasons are closely related. The core of each reason is that the plaintiff in a contract action recovered substantially less in damages than it had sought. The first reason focuses on simple disparity between the amount sought and the amount recovered; the third reason expands the focus somewhat by pointing out the amount recovered was reduced because two affirmative defenses had been successful. We hold today that these reasons can support a discretionary decision to deny costs to a prevailing party in a contract action. Our holding is consistent with the decisions of other circuits in approving such reasons. *See, e.g., Teague v. Bakker,* 35 F.3d 978, 996 (4th Cir.1994) (listing as potential "good reasons" for denying costs: the prevailing party took ac-

tions that unnecessarily prolonged trial or injected meritless issues; costs were excessive; the prevailing party's recovery was so small that it was victorious in name only; and the case was close and difficult); *Richmond v. Southwire Co.,* 980 F.2d 518, 520 (8th Cir.1992) ("An award of costs may be reduced or denied because the ... taxable costs of the litigation were disproportionate to the result achieved."); *Howell Petroleum Corp. v. Samson Res. Co.,* 903 F.2d 778, 783 (10th Cir.1990) ("The court was within its discretion to refuse to award costs to a party which was only partially successful."); *cf. White & White, Inc. v. Am. Hosp. Supply Corp.,* 786 F.2d 728, 730(6th Cir.1986) (holding that inappropriate factors include the large size of a successful litigant's recovery and the ability of the prevailing party to pay his or her costs; a losing party's good faith is insufficient alone to justify the denial of costs). We caution, however, that our approval of these reasons is limited to contract actions, in which damages are often more readily calculable than, for example, in tort actions. We do not address the propriety of these reasons in non-contract actions.

■ We hold that Champion's rejection of Ruby's Rule 68 offer was *not* an appropriate reason for denying Champion its pre-offer costs, however.[1] Rule 68 operates to shift to the plaintiff responsibility for post-offer costs that could have been avoided had the plaintiff made the right choice and accepted the defendant's Rule 68 offer—"costs it ought not to have incurred." *Payne v. Milwaukee County,* 288 F.3d 1021, 1024 (7th Cir.2002); *see also* Fed.R.Civ.P. 68("[I]f the judgment finally

---

1. Where an award of pre-offer costs will render the plaintiff's judgment in excess of a Rule 68 offer, it is obviously inappropriate to use that offer as a reason to deny costs. Only if the costs are denied will the offer truly be higher than the judgment, thus justifying the denial. In this case, the award or denial of

pre-offer costs could not have affected the Rule 68 calculus, however, so the same circular logic is not at work. The denial of prejudgment interest meant that Ruby's offer exceeded Champion's judgment regardless of the outcome of the motion for pre-offer costs or fees.

obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred *after making the offer.*" (emphasis added)); *Tunison,* 162 F.3d at 1193 ("Rule 68 ... requires the plaintiff to be responsible for all costs accrued as a result of his own decision to reject the offer."). The Rule is not designed to affect the plaintiff's recovery of pre-offer costs. *See Poteete v. Capital Eng'g, Inc.,* 185 F.3d 804, 807 (7th Cir.1999) ("The plaintiff rejected the [Rule 68] offer, and having then gotten a judgment that was no better than the offer, the defendants are entitled to the benefits that the rule offers a defendant in such a case, *but no more.*" (emphasis added)); *see also Zackaroff v. Koch Transfer Co.,* 862 F.2d 1263 (6th Cir.1988) (vacating the trial court's order denying the prevailing plaintiff, who had rejected a Rule 68 offer greater than the judgment ultimately obtained at trial, his pre-offer costs pursuant to Rule 54(d)).

Permitting a district court, in the exercise of its discretion under Rule 54(d), to deny pre-offer costs based on a plaintiff's rejection of a Rule 68 offer would interfere with the incentive scheme created by Rule 68. Rule 68 encourages a defendant to offer settlement early because the cost-clock begins running as soon as a defendant makes an offer. *See Delta Air Lines, Inc. v. August,* 450 U.S. 346, 352, 101 S.Ct. 1146, 67 L.Ed.2d 287 (1981). If a Rule 68 offer that exceeds the judgment ultimately obtained at trial not only prohibits the plaintiff from recovering costs incurred after the date of the offer, but also justifies the denial of the plaintiff's pre-offer costs, the defendant will have less incentive to make an offer early. Plaintiffs, on the other hand, will feel more pressure to accept a Rule 68 offer, for fear of not only losing their post-offer costs pursuant to Rule 68 but also their pre-offer costs pursuant to Rule 54(d). *See Hopper v. Euclid Manor Nursing Home, Inc.,* 867 F.2d 291, 295(6th Cir.1989) (rejecting a rule that would grant the district court discretion to alter its view of a case based on a plaintiff's rejection of a Rule 68 offer because such a rule would undermine Rule 68's incentive scheme); *see also Cowan v. Prudential Ins. Co. of Am.,* 728 F.Supp. 87, 92 (D.Conn.1990) (warning that giving trial judges discretion in an analogous situation "might well lead to very uneven results and even misuse in cases in which judges become involved in settlement negotiations"), *rev'd on other grounds at* 935 F.2d 522 (2d Cir.1991); *Berkla v. Corel Corp.,* 302 F.3d 909, 922 (9th Cir.2002) (holding that a district court may not look to a prevailing plaintiff's rejection of a non-Rule 68 settlement offer to justify a discretionary decision to deny costs pursuant to Rule 54(d) because to hold otherwise would undermine the effectiveness of Rule 68). *Cf. Delta Air Lines,* 450 U.S. at 356 n. 16, 101 S.Ct. 1146 (noting that where Rule 68's cost-shifting provision does not apply because the defendant obtained the judgment, the defendant can use its Rule 68 offer "as a means of influencing the judge's discretion to award [it] costs under Rule 54(d)").

We nonetheless affirm the denial of costs because the other two reasons given by the district court for denying Champion's costs are both appropriate and sufficient to support the district court's decision. *See White & White,* 786 F.2d at 731("Although the district court considered an inappropriate factor in denying costs, its consideration of[this factor] will not constitute reversible error if the remaining factors support its decision.").

### 3. Denial of Pre–Offer Attorneys' Fees to Champion

■ An award of attorneys' fees incurred in a suit based on state substantive law is generally governed by state law. *See Kona Enters., Inc. v. Estate of Bishop,*

229 F.3d 877, 883(9th Cir.2000). Idaho Code § 12–120(3) provides that "[i]n any civil action to recover on a[ ] . . . contract relating to the purchase or sale of goods, . . . the prevailing party shall be allowed a reasonable attorney's fee to be set by the court, to be taxed and collected as costs." In order to determine who is the "prevailing party" under § 12–120(3), the trial court must consider: (1) the result obtained in relation to the relief sought; (2) whether there were multiple claims or issues; and (3) the extent to which either party prevailed on each issue or claim. *Jerry Joseph C.L.U. Ins. Assoc., Inc. v. Vaught,* 117 Idaho 555, 789 P.2d 1146, 1148 (1990).

▆▆▆▆▆▆▆ Under Idaho law, the trial court has discretion to determine who, if anyone, prevailed in a case. *Weaver v. Millard,* 120 Idaho 692, 819 P.2d 110, 120 (1991). To determine whether the trial court abused its discretion, Idaho appellate courts consider three factors: (1) whether the trial court correctly perceived the issue as one of discretion; (2) whether the court acted within the boundaries of this discretion and consistent with the legal standards applicable to the specific choices available to it; and (3) whether the court reached its decision by an exercise of reason. *Fox v. Mountain W. Elec., Inc.,* 137 Idaho 703, 52 P.3d 848, 856 (2002). Under this standard, the district court did not abuse its discretion in denying Champion prevailing party status.

> The district court explained its decision: In the Court's opinion, neither party in this action has wholly prevailed. Although a jury verdict was rendered in favor of Plaintiff with respect to the main claim in this action (*i.e.,* the breach of contract claim), the damages awarded were significantly less than the amount of damages Plaintiff initially claimed it was entitled to under the contract. The jury apparently awarded a smaller amount of damages than what was requested because it believed that the contract prices had been modified or waived by Plaintiff, essentially finding in favor of Defendant with respect to its two affirmative defenses of modification and waiver. In addition, although it could be argued that Plaintiff is the prevailing party because it obtained a judgment in its favor, it could equally be argued that Defendant is the prevailing party because its Rule 68 offer exceeded the final judgment in favor of Plaintiff. Both parties prevailed in certain respects on different claims and affirmative defenses.
>
> In light of the above, the Court concludes that neither party is the prevailing party for purposes of awarding attorneys' fees under I.C. § 12–1[2]0(3).

Champion's relatively small recovery compared to the damages sought and the success of Ruby's modification and waiver defenses are valid reasons under Idaho law for denying Champion prevailing party status in this contract case. *See Weaver,* 819 P.2d at 120–21(finding no abuse of discretion where the district court concluded that while each party "prevailed on one of the two issues between them, . . . each received far less than the respective relief they sought," and therefore neither prevailed); *cf. Willie v. Bd. of Trs.,* 138 Idaho 131, 59 P.3d 302, 307 (2002) ("[They] are the prevailing party because they have received *all* relief sought in their answer." (emphasis added)); *Sanders v. Lankford,* 134 Idaho 322, 1 P.3d 823, 827 (2000) (holding that the trial court abused its discretion by failing to find the defendant the prevailing party where the defendant obtained a complete dismissal—"the most favorable outcome that could possibly be achieved by [the] defendant"); *Jerry Joseph,* 789 P.2d at 1148–49 (holding that the trial court abused its discretion by failing to find the plaintiff the prevailing party

where plaintiff received all the substantive relief it had sought, and the defendants merely obtained the removal of a lis pendens; the removal merely signaled the end of the dispute and "could not be viewed in any genuine sense as a victory for the [defendants]").

Champion argues that the district court erred by relying on its rejection of Ruby's Rule 68 offer as a justification for denying prevailing party status, based on *Ireland v. Ireland,* 123 Idaho 955, 855 P.2d 40 (1993). In that case, the Idaho Supreme Court held that the trial court erred in relying on the rejection of an offer made under Idaho's version of Rule 68 in deciding to award fees. If, under Idaho law, a "court should not ... use ... Rule 68 to support an award of attorney fees," it follows that a court should not use Rule 68 to support a *denial* of an award of attorney fees, either. *Id.* at 46. *But see Polk v. Larrabee,* 135 Idaho 303, 17 P.3d 247, 257 (2000) ("[T]he parties' offers of settlement should have been a factor in determining which party prevailed...."). The district court therefore erred when it used Ruby's Rule 68 offer as a reason to deny Champion prevailing party status (and thereby to deny pre-offer attorneys' fees under § 12–120(3)). We nonetheless affirm the district court's denial of fees based on the valid reasons given by that court. In so doing, we rely on *Ireland,* in which the Idaho Supreme Court held—despite the trial court's inappropriate consideration of the defendant's Rule 68 offer—that the court had not abused its discretion because additional reasons supported its fee determination. *See Ireland,* 855 P.2d at 46.

### B. Denial of Post–Offer Costs and Attorneys' Fees to Champion

Champion also appeals the district court's denial of its motion for post-offer costs and attorneys' fees. A plaintiff that rejects a Rule 68 offer in excess of the judgment ultimately obtained at trial must bear its own and the defendant's post-offer costs. *Haworth v. Nevada,* 56 F.3d 1048, 1052(9th Cir.1995). "The award is mandatory; Rule 68 leaves no room for the court's discretion." *United States v. Trident Seafoods Corp.,* 92 F.3d 855, 859 (9th Cir.1996).

### 1. Denial of Post–Offer Costs (Excluding Attorneys' Fees) to Champion

Because Ruby's Rule 68 offer exceeded Champion's final judgment, the cost-shifting provision of the rule applied. Champion does not dispute that if the cost-shifting provision applied the district court properly denied it standard post-offer costs (*i.e.,* costs excluding attorneys' fees).

### 2. Denial of Post–Offer Attorneys' Fees to Champion

The Supreme Court's construction of Rule 68 in *Marek v. Chesny,* 473 U.S. 1, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985), governs an award of post-offer attorneys' fees. The plaintiff in *Marek* brought suit against three police officers under 42 U.S.C. § 1983. Prior to trial, defendants made a Rule 68 offer of $100,000. Plaintiff rejected the offer and ultimately obtained a judgment of roughly $92,000. Plaintiff then sought to recover his attorneys' fees under 42 U.S.C. § 1988, which provides that a "prevailing" plaintiff in a § 1983 action may be awarded attorneys' fees "as part of costs." Defendants argued that plaintiff's rejection of their Rule 68 offer barred any recovery of post-offer attorneys' fees, even though plaintiff was a prevailing party within the meaning of § 1988.

The Court agreed with defendants. It held that under § 1988 plaintiff's attorneys' fees were part of Rule 68 "costs." It explained that because Rule 68 does not itself define "costs,"

the most reasonable inference is that the term "costs" in Rule 68 was intended to refer to all costs properly awardable under the relevant substantive statute or other authority. In other words, all costs properly awardable in an action are to be considered within the scope of Rule 68 "costs." Thus, absent congressional expressions to the contrary, where the underlying statute defines "costs" to include attorney's fees, [ ] such fees are to be included as costs for purposes of Rule 68.

473 U.S. at 9, 105 S.Ct. 3012. Absent Rule 68 and the offer of judgment, plaintiff would have been able to recover all of his attorneys' fees under § 1988. However, because 42 U.S.C. § 1988 defines attorneys' fees as part of "costs," and because defendant's offer exceeded plaintiff's final judgment, the Court held that the cost-shifting provision of Rule 68 barred plaintiff from recovering his post-offer attorneys' fees. *Id.*

▮ Like the underlying statute in *Marek,* the underlying statute in this case defines attorneys' fees as a part of "costs." *See* Idaho Code § 12–120(3)("[T]he prevailing party shall be allowed a reasonable attorney's fee to be set by the court, to be taxed and collected as costs."). *Cf. Haworth,* 56 F.3d at 1051 ("The FLSA statute defines attorney fees separately from costs. Therefore, unlike attorney fees in a section 1983 action, attorney fees in a FLSA action are not automatically shifted by Rule 68." (citation omitted)). And, like the plaintiff in *Marek,* Champion obtained a final judgment not more favorable than the defendant's Rule 68 offer.

Champion makes two arguments that, taken in combination, it hopes will permit

an escape from Rule 68 and *Marek.* First, it argues that it was a "prevailing party" under § 12–120(3), and thus, absent Rule 68, would have been entitled to attorneys' fees under that statute. In other words, Champion argues that it is in the same position as the plaintiff in *Marek,* who had prevailed in his § 1983 suit and would have been entitled to attorneys' fees under § 1988 if he had not been subject to cost-shifting under Rule 68. The district court, however, concluded that Champion was not a prevailing party under § 12–120(3), and we have sustained the district court's decision on that point.

▮ Second, Champion argues that *Marek* does not apply because the underlying fee-granting statute is state rather than federal, and because, in its view, Idaho's version of Rule 68 does not restrict a prevailing plaintiff's right to recover attorneys' fees.[2] Even if we agreed with Champion's first argument that it is a prevailing party under § 12–120(3), we would nonetheless reject its second argument that *Marek* applies only to federal fee-granting statutes. As we have recently explained, "[t]he Federal Rules of Civil Procedure apply irrespective of the source of subject matter jurisdiction, and irrespective of whether the substantive law at issue is state or federal." *Vess v. Ciba–Geigy Corp. USA,* 317 F.3d 1097, 1102 (9th Cir.2003). "A federal district court can refuse to apply a Federal Rule of Civil Procedure in a civil case 'only if the Advisory Committee, [the Supreme] Court, and Congress erred in their prima facie judgment that the Rule in question transgresses neither the terms of the Enabling Act nor constitutional restrictions.'" *Id.* at

---

**2.** Champion relies on *Ireland v. Ireland,* discussed *supra.* While that case suggests that Idaho might not read its version of Rule 68 in the way the *Marek* Court read federal Rule 68, it did not squarely address the issue because

the relevant underlying statutes in that case did not define attorneys' fees "as costs." *See* Idaho Code § 12–121; Idaho R. Civ. P. 54(e)(1).

1103 (quoting *Hanna v. Plumer*, 380 U.S. 460, 471, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965)). "In other words, if a Federal Rule of Civil Procedure is valid under the Constitution and the Enabling Act, [28 U.S.C. § 2072], it applies according to its terms in all civil cases in federal district court." *Id. See* 28 U.S.C. § 2072 ("The Supreme Court shall have the power to prescribe general rules of ... procedure ... for cases in the United States district courts.... Such rules shall not abridge, enlarge, or modify any substantive right.").

With only one exception, the Supreme Court has construed valid Federal Rules of Civil Procedure to have the same meaning irrespective of whether the underlying substantive law is federal or state, and irrespective of any differences between federal and state procedural law. That exception is Rule 3, which governs the timing of commencement of a civil suit and the tolling of statutes of limitations. *See West v. Conrail*, 481 U.S. 35, 107 S.Ct. 1538, 95 L.Ed.2d 32 (1987) (construing Rule 3 to apply in suits brought under federal law, but not in suits brought under state law). But the Court has not extended its holding in *West* beyond Rule 3, and we see no basis for such an extension here.

The Seventh Circuit in *Marek* had rejected the interpretation of Rule 68 advanced by the defendants based in part on a belief that such an interpretation would give substantive consequence to Rule 68 and would thus violate the Rules Enabling Act. *See Chesny v. Marek*, 720 F.2d 474, 479 (7th Cir.1983) ("When Congress authorized the Supreme Court to make rules of procedure for civil cases it did not authorize the Court to alter substantive policies (that is the force of the 'shall not abridge' clause), such as those that underlie the right to attorney's fees created by section 1988, call that right what you will. But that is what the Court would (unwittingly) have been doing when it promulgated Rule 68 if the[defendants'] interpretation of the rule were upheld."). Justice Brennan, dissenting in *Marek*, agreed with the Seventh Circuit, arguing that the Court's decision "violate[d] the most basic limitations on [the Court's] rulemaking authority as set forth in the Rules Enabling Act." 473 U.S. at 15, 105 S.Ct. 3012. However, the majority of the Court necessarily rejected that conclusion when it reversed the Seventh Circuit. *See Marek*, 473 U.S. at 11, 105 S.Ct. 3012 ("[W]e are not persuaded that shifting the postoffer costs to respondent in these circumstances would in any sense thwart [Congress's] intent under § 1988.").

We therefore hold that the district court properly denied post-offer attorneys' fees to Champion. Champion is not a prevailing party under Idaho Code § 12–120(3). But even if it had been a prevailing party, it would not have been entitled to post-offer attorneys' fees because *Marek's* construction of Rule 68 applies not only to federal fee-granting statutes but also to state fee-granting statutes.

**C. Grant of Post–Offer Costs (Excluding Attorneys' Fees) to Ruby**

■ Finally, Champion appeals the district court's grant of Ruby's motion for an award of post-offer costs (excluding attorneys' fees). Because Ruby made an offer of judgment under Rule 68 that exceeded the amount Champion ultimately recovered, the cost-shifting provision of the rule applies. The district court therefore properly awarded post-offer costs (excluding attorneys' fees) to Ruby. *See Trident*, 92 F.3d at 859.

**D. Denial of Post–Offer Attorneys' Fees to Ruby**

■ Ruby appeals the district court's denial of its motion for post-offer attorneys' fees. Ruby argues that Rule 68, as

interpreted in *Marek*, not only prohibits Champion from recovering its own post-offer attorneys' fees, but also requires that Champion pay Ruby's post-offer attorneys' fees. In the alternative, Ruby argues that it was the "prevailing party" and thus was entitled to attorneys' fees pursuant to Idaho Code § 12–120(3). The district court properly rejected both arguments.

The district court explained that the Supreme Court in *Marek* merely held that a prevailing plaintiff subject to the cost-shifting provision of Rule 68 cannot recover its own post-offer attorneys' fees where the underlying statute defines those fees as an item of "costs." The Supreme Court explicitly did not consider the question whether that plaintiff must not only lose the post-offer attorneys' fees to which it would have been otherwise entitled, but must also pay the defendant's post-offer attorneys' fees. *See Marek*, 473 U.S. at 4 n. 1, 105 S.Ct. 3012 ("The District Court refused to shift to [plaintiff] any costs accrued by [defendants]. [Defendants] do not contest that ruling."). Citing *Trident Seafoods Corp.*, 92 F.3d at 860, the district court explained that Rule 68 is not intended to expand the bases for a party's recovery of attorneys' fees. Because Idaho Code § 12–120(3) permits an award of attorneys' fees only to the "prevailing party," it held that "costs" in Rule 68 include attorneys' fees only if the party seeking the award of attorneys' fees is the "prevailing party" within the meaning of that statute. Because it found that Ruby had not "prevailed," it denied the fee request.

The question whether Rule 68 and *Marek* require a plaintiff to pay a defendant's post-offer attorneys' fees, when the underlying statute permits a "prevailing" party to recover attorneys' fees "as costs" but when the defendant is not a prevailing party under that statute, has produced a circuit split. The First and Seventh Circuits have held that a plaintiff in that situation is *not* required to pay the defendant's attorneys' fees. *See Crossman v. Marcoccio*, 806 F.2d 329 (1st Cir.1986); *Harbor Motor Co., Inc. v. Arnell Chevrolet–Geo, Inc.*, 265 F.3d 638 (7th Cir.2001). Both circuits have rejected the "deceptively simple syllogism" advanced by Ruby in this case. That syllogism is as follows:

(1) Rule 68 requires a plaintiff to pay a defendant's post-offer costs;

(2) Rule 68 costs, according to *Marek*, are determined by looking to the underlying substantive statute governing costs;

(3) the underlying substantive statute governing costs permits the recovery of attorneys' fees as part of costs;

(4) Rule 68 therefore requires the plaintiff to pay the defendant's post-offer attorneys' fees.

*Crossman*, 806 F.2d at 333. In rejecting this syllogism, both circuits emphasized that *Marek* holds that "the term 'costs' in Rule 68 was intended to refer to all costs *properly awardable* under the relevant substantive statute or other authority." *Marek*, 473 U.S. at 9, 105 S.Ct. 3012 (emphasis added). Where the substantive statute permits a "prevailing party" to recover attorneys' fees as costs, a defendant who has not "prevailed" may not recover attorneys' fees pursuant to Rule 68. Such costs are not "properly awardable" under the relevant statute. *See Crossman*, 806 F.2d at 333 ("Although the logic of the syllogism is appealing, the second and third steps of [defendants'] argument distort the law governing the relationship between Rule 68 and [the relevant attorneys' fee statute] by ignoring two crucial words that serve to qualify the holding of the *Marek* case." (footnote omitted)).

The Eleventh Circuit disagrees with the approach of the First and Seventh Circuits. In *Jordan v. Time, Inc.*, 111 F.3d 102 (11th Cir.1997), defendant Time ar-

gued that because plaintiff Jordan "did not obtain a judgment more favorable than the ones contained in Time's offers of judgment, Jordan must pay Time's attorneys' fees and costs." *Id.* at 104. The underlying statute permitted the court to "award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. The Eleventh Circuit held that Time should be awarded attorneys' fees under Rule 68 even though it was not a prevailing party under the underlying statute:

> The language contained in Rule 68 is mandatory; the district court does not have the discretion to rule otherwise.... Costs as used herein includes attorneys' fees. Under *Marek v. Chesny*, Rule 68 "costs" include attorneys' fees when the underlying statute so prescribes. The Copyright Act so specifies, 17 U.S.C. § 505.

111 F.3d at 105 (citation omitted). *But see Util. Automation 2000 v. Choctawhatchee Elec. Coop., Inc.*, 298 F.3d 1238, 1246 n. 6 (11th Cir.2002) (recognizing that *Jordan* has been subject to criticism in other circuits). *See also Lucas v. Wild Dunes Real Estate, Inc.*, 197 F.R.D. 172, 175 (D.S.C. 2000) ("Even though Defendant is not a prevailing party, this court does not read the Supreme Court's language in *Marek* that the costs must be 'properly awardable' to require that Defendant has to be a prevailing party in order to be eligible for an award of attorney's fees as costs in a copyright action pursuant to Rule 68.").

We have not answered the precise question posed in this case, but we have answered an analogous question. In *United States v. Trident Seafoods Corp.*, the United States sued Trident for violations of the Clean Air Act. After rejecting Trident's Rule 68 offer, the United States ultimately obtained a smaller judgment. Trident argued that it was entitled to attorneys' fees pursuant to Rule 68 and 42 U.S.C. § 7413(b). Section 7413(b) defines attor-

neys' fees as an item of costs, but permits a defendant to recover such fees in an action "if the court finds that such action was unreasonable." We rejected Trident's argument that it was entitled to attorneys' fees under Rule 68, explaining that "[t]he only interpretation that gives meaning to every word in both Rule 68 and the Clean Air Act is that 'costs' in Rule 68 include attorneys' fees only if the action was unreasonable." 92 F.3d at 860.

Similarly, the Eighth Circuit held in *O'Brien v. City of Greers Ferry*, 873 F.2d 1115 (8th Cir.1989), that a losing civil rights defendant is not entitled to attorneys' fees under Rule 68. Section 1988 permits a civil rights defendant to recover fees "as costs" only where the lawsuit was "frivolous, unreasonable, or without foundation." *Id.* at 1120; *see* 42 U.S.C. § 1988. The O'Briens had recovered a damage judgment smaller than defendant's Rule 68 offer of judgment, but their suit was not "frivolous, unreasonable, or without foundation." Because defendant was not entitled to fees under § 1988, defendant's attorneys' fees were not "properly awardable" and thus were not available under Rule 68's cost-shifting provisions. 873 F.2d at 1120. *Accord Le v. Univ. of Pa.*, 321 F.3d 403, 410–411 (3d Cir.2003); *EEOC v. Bailey Ford, Inc.*, 26 F.3d 570, 571 (5th Cir.1994) ("[E]ven if appellee were entitled to recover 'costs' under Rule 68, [§ 1988] attorneys' fees are not among the properly recoverable costs without a determination that the action was frivolous, unreasonable, or without foundation."); *see also Hopper*, 867 F.2d at 296; *Grosvenor v. Brienen*, 801 F.2d 944, 946 n. 4 (7th Cir.1986).

Today we join the First and Seventh Circuits in holding that Rule 68 "costs" do not include a non-prevailing defendant's post-offer attorneys' fees when the underlying statute awards attorneys' fees to a

prevailing party. Just as attorneys' fees are not "properly awardable" to a defendant in a Clean Air Act case unless "the court finds that such action was unreasonable," *Trident,* 92 F.3d at 860, attorneys' fees are not "properly awardable" to a defendant in a case where the relevant statute awards attorneys' fees to a prevailing party unless the defendant is a prevailing party within the meaning of that statute. *See Payne,* 288 F.3d at 1026 ("Briefly put, 'costs' cannot encompass more than the rules or other relevant statutes authorize."). This is "[t]he only interpretation that gives meaning to every word in both Rule 68 and [the attorneys' fee statute]." *Trident,* 92 F.3d at 860.

In this case, the district court expressly held that Ruby did not prevail under Idaho Code § 12–120(3) and that attorneys' fees were therefore not "properly awardable under the relevant substantive statute or other authority." *Marek,* 473 U.S. at 9, 105 S.Ct. 3012. Consequently, the district court concluded that Ruby's attorneys' fees could not "be considered within the scope of [the] Rule 68 'costs'" shifted to Champion. *Id.* The district court got it exactly right.

The fact that a non-prevailing defendant is entitled to an award of standard post-offer costs (*i.e.,* costs excluding attorneys' fees) under Rule 68 does not undermine our holding. *See, e.g., Haworth,* 56 F.3d at 1052; *Crossman,* 806 F.2d at 331–333 (holding that Rule 68 reverses, rather than merely cancels, the operation of Rule 54(d): "[E]very court addressing the issue thus far has held that Rule 68 obligates plaintiffs to pay defendants' post-offer costs after rejecting an offer more favorable than the judgment eventually obtained."). Post-offer costs (excluding attorneys' fees) are awardable under Rule 54, but Rule 54(d)(1) explicitly contemplates an exception to its requirement that costs be awarded only to the "prevailing party" when that exception is provided in a statute or another rule: *"Except when express provision therefor is made either in a statute of the United States or in these rules,* costs other than attorneys' fees shall be allowed as of course to the prevailing party...." Fed.R.Civ.P. 54(d)(1) (emphasis added). "Rule 68 does provide otherwise, by explicitly calling for the plaintiff to bear the defendant's costs if the final judgment is less favorable than the offer." *Payne,* 288 F.3d at 1027. Thus, unlike Ruby's post-offer attorneys' fees, its standard post-offer costs are "properly awardable under the relevant substantive statute or other authority." *Marek,* 473 U.S. at 9, 105 S.Ct. 3012.

The Court in *Marek* held that Rule 68 does not violate the Rules Enabling Act in prohibiting a prevailing plaintiff from recovering attorneys' fees despite a fee statute under which the party would otherwise recover fees. But it would be a greater interference with substantive rights if Rule 68 were read to give a non-prevailing defendant an affirmative right to recover attorney's fees from a plaintiff who had won a damage judgment at trial (albeit a smaller judgment than the offer of settlement). *See Grosvenor,* 801 F.2d at 947 n. 7 ("Any interpretation of Rule 68 that significantly undercuts the substantive policies underlying [the relevant attorneys' fee statute] conflicts with [28 U.S.C.] § 2072."); *Crossman,* 806 F.2d at 333 ("These two words—'properly awardable'—are so essential to the holding of *Marek* that, even if the Supreme Court had not expressly included them, we would have implied their existence to prevent *Marek's* chilling effect on the initiation of civil rights actions from attaining glacial magnitude."). Ruby's post-offer attorneys' fees in this case total $240,000. If made to pay these fees, Champion would—despite its success in achieving a judgment against Ruby worth approximately $100,000—suf-

fer a net loss in the litigation of roughly $140,000 plus its *own* costs and fees, as well as Ruby's standard post-offer costs. While Rule 68 is designed to "require plaintiffs to 'think very hard' about whether continued litigation is worthwhile," *Marek*, 473 U.S. at 11, 105 S.Ct. 3012, it is not a gun to the head.

Finally, Ruby argues, in the alternative, that it is the "prevailing party" in this action, thus entitled to an award of fees under Idaho Code § 12–120(3). Ruby relies on *Leavitt v. Swain*, 133 Idaho 624, 991 P.2d 349 (1999), for the proposition that a defendant whose offer of judgment exceeds the plaintiff's judgment is per se the "prevailing party" and thus entitled to attorneys' fees under § 12–120(3). That is not, however, *Leavitt's* holding. The Idaho Supreme Court in *Leavitt* considered whether the defendant's offer of judgment exceeded the plaintiff's recovery at trial, phrasing the question as whether the plaintiff "was the prevailing party for purposes of awarding costs under [an Idaho] Rule 68 Offer of Judgement." *Id.* at 357. *Leavitt* does not hold that a defendant whose offer exceeds the plaintiff's recovery is per se the "prevailing party" for purposes of awarding attorneys' fees. Indeed, the Idaho Supreme Court's decision in *Ireland* appears to stand for precisely the opposite proposition. *See Ireland*, 855 P.2d at 46 (holding that the lower court erred by using the defendant's Rule 68 offer to support the defendant's award of attorneys' fees); *cf. Polk*, 17 P.3d at 257 (holding generally that parties' offers of settlement may be considered in determining who is the prevailing party, although such offers are not the "the only, or even most significant, factor to be considered"). The district court, therefore, did not abuse its discretion when it held that Ruby—against whom judgment in the amount of roughly $100,000 was entered—had not "prevailed" in the action within the meaning of § 12–120(3).

The decision of the district court is AFFIRMED.