MEMORANDUM *
Appellants CNA Commercial Insurance Company (CNA), Design Perfect Catering, Inc., and Farmers Insurance Exchange appeal from the district court’s order denying their motion for an award of attorney fees after they accepted Rule 68 offers of judgment made by appellee Cadet Manufacturing Company (Cadet). CNA also appeals from the district court’s denial of its motion for reconsideration.
Appellants contend that because the statute underlying their state law Consumer Protection Act (CPA) claims defines “costs” to include attorney fees, see Wash. Rev.Code § 19.86.090, and because the Rule 68 offers did not expressly indicate that they were inclusive of all costs and fees, they are automatically entitled to fee awards.
In opposition, Cadet argues that only fees which are “properly awardable” pursuant to the CPA may be included in a Rule 68 cost award. See Marek v. Chesny, 473 U.S. 1, 9, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985); Champion Produce, Inc. v. Ruby Robinson Co., 342 F.3d 1016, 1029 (9th Cir.2003). Because fees may only be awarded under that statute to prevailing plaintiffs, see Travis v. Wash. Horse Breeders Ass’n, 111 Wash.2d 396, 759 P.2d 418, 424 (1988), Cadet asserts that the district court properly considered whether appellants had prevailed on their CPA claims, rather than automatically awarding fees.
Yet, even if Cadet’s argument is accepted and we look to those fees which are “properly awardable” under the CPA, appellants are entitled to fees. The Washington Supreme Court has indicated that “a prevailing party is one who receives an affirmative judgment in his or her favor.” *713 Riss v. Angel, 131 Wash.2d 612, 934 P.2d 669, 681 (1997), citing Schmidt v. Cornerstone Invs., Inc., 115 Wash.2d 148, 795 P.2d 1143, 1151 (1990). Furthermore, a fee award is mandatory for plaintiffs who prevail on their CPA claims. See State v. Black, 99 Wash.2d 1005, 676 P.2d 963, 970 (1984). Because the district court entered judgment in favor of appellants pursuant to the Rule 68 offers, they “prevailed” for purposes of the CPA and fees were “properly awardable.”
Although we adopted a different approach to prevailing party analysis in Sea Coast Foods, Inc. v. Lu-Mar Lobster & Shrimp, Inc., 260 F.3d 1054, 1059-60 (9th Cir.2001), that case involved a Florida civil theft law which did not define costs to include attorney fees. Id. at 1058-59. As a result, fees could not be included in the Rule 68 costs award. See id. at 1059 (“Rule 68’s provision for costs does not encompass attorneys’ fees where those are not defined as part of the costs by the. underlying statute.”). Here, by contrast, the Washington CPA defines costs to include fees, and we therefore look to Washington law to conclude that fees are “properly awardable” under that statute. As a result, appellants are entitled to fees as part of their Rule 68 costs awards. See Marek, 473 U.S. at 9.
We therefore REVERSE the district court’s denial of appellants’ motion for attorney fees and its denial of CNA’s motion for reconsideration, and we REMAND for determination of a reasonable fee award.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.