FILED

**NOT FOR PUBLICATION**

APR 08 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SOVEREIGN GENERAL INSURANCE SERVICES, INC.,<br><br>                Plaintiff - Appellant,<br> and<br><br>MARTIN F. SULLIVAN, Sr.; GLORIA SULLIVAN,<br><br>                Counter-claimants,<br>   v.<br><br>SCOTTSDALE INSURANCE COMPANY; NATIONAL CASUALTY COMPANY; SCOTTSDALE INDEMNITY COMPANY; WESTERN HERITAGE INSURANCE COMPANY; R. MAX WILLIAMSON; JOSEPH A. LUGHES,<br><br>              Defendants - Appellees. | No. 08-17422<br><br>D.C. No. 2:05-cv-00312-MCE-DAD<br><br>MEMORANDUM<sup>*</sup> |
| SOVEREIGN GENERAL INSURANCE SERVICES, INC.,<br><br>                Plaintiff,<br> and | No. 08-17424<br><br>D.C. No. 2:05-cv-00312-MCE-DAD |

     <sup>*</sup> This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

MARTIN F. SULLIVAN, Sr.; GLORIA
SULLIVAN,

        Counter-claimants - Appellants,

  v.

SCOTTSDALE INSURANCE
COMPANY; NATIONAL CASUALTY
COMPANY; SCOTTSDALE
INDEMNITY COMPANY; WESTERN
HERITAGE INSURANCE COMPANY;
R. MAX WILLIAMSON; JOSEPH A.
LUGHES,

        Defendants - Appellees.

---

WESTERN HERITAGE INSURANCE
COMPANY, an Arizona corporation,

        Plaintiff - Appellant,

  v.

SOVEREIGN GENERAL INSURANCE
SERVICES, INC., a California
corporation; MARTIN F. SULLIVAN,
Sr.; GLORIA SULLIVAN husband and
wife, guarantors,

        Defendants - Appellees.

No. 09-15246

D.C. Nos. 2:05-cv-00312-MCE-DAD
          2:05-cv-01389-MCE-DAD

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, District Judge, Presiding

Argued and Submitted January 14, 2010
San Francisco, California

Before: KOZINSKI, Chief Judge, WALLACE and CLIFTON, Circuit Judges.

Sovereign General Insurance Services, Inc. (Sovereign) appeals from the district court's summary judgment for Western Heritage Insurance Company (Western) on Sovereign's claims against Western. Western cross-appeals from the district court's denial of pre-judgment interest on the damages awarded to Western by the jury on Western's claims against Sovereign. The district court had jurisdiction pursuant to 28 U.S.C. § 1332 due to complete diversity of the parties, and we have jurisdiction over the final judgment of the district court under 28 U.S.C. § 1291. We review the district court's summary judgment de novo. *Universal Health Servs., Inc. v. Thompson*, 363 F.3d 1013, 1019 (9th Cir. 2004). We review the district court's denial of pre-judgment interest under state law for abuse of discretion. *Champion Produce, Inc. v. Ruby Robinson Co., Inc.*, 342 F.3d 1016, 1020 (9th Cir. 2003). We affirm summary judgment on Sovereign's claims, and reverse the district court's denial of pre-judgment interest claimed by Western.

**I.**

Sovereign appeals from the district court's summary judgment on its contractual claims for post-termination contingent commissions. However,

3

Sovereign does not dispute that, under the terms of the Agency Agreement, Western did not owe Sovereign any post-termination contingent commissions until all claims and losses under the policies in effect at termination were resolved. It is also undisputed that all such claims and losses had not been resolved as of the date of the summary judgment. The district court therefore properly determined that because outstanding liabilities under those policies had not been resolved, no post-termination contingent commissions were yet due.

Sovereign argues that the district court's summary judgment precludes Sovereign from *ever* recovering the post-termination contingent commissions. But Sovereign simply has no viable claim for breach of contract until the commissions become due, and that will not happen until all of the open claims and other liabilities on those policies are resolved. Nothing in the district court's summary judgment for Western would have a preclusive effect on Sovereign's ability to recover commissions if, at some future time, if they become due and Western refuses to pay them.

Sovereign argues that there was a contingent commission already due and owing to Sovereign *prior* to the Agency Agreement's termination, and that amount should have been applied to offset the amounts the jury awarded to Western. Again, however, no pre-termination contingent commissions were yet due under

4

the terms of the contract. The district court correctly interpreted the provisions of the Agency Agreement to mean that Sovereign "cannot claim entitlement to interim commission payments if it owed funds, including premium payments, to Western Heritage." The district court then held that, because it was undisputed that as of June 30, 2004 Sovereign had *not* paid Western all of the premiums it owed, Western did not breach the contract by not paying the commission.

Sovereign argues that there was a dispute as to the amount of premium due, and that dispute should not have been dealt with on summary judgment. However, the district court did not determine the exact amounts of premium owed or contingent commission due. Rather, it concluded that, viewing the evidence in the light most favorable to Sovereign, the *most* that Western owed Sovereign on June 30, 2004 in pre-termination contingent commissions was $62,262, and the *minimum* that Sovereign owed Western in unpaid premiums was $180,000. Sovereign argues that the amount of commission due was more than $62,262 because the parties had allegedly modified the formula for calculating those commissions, but Sovereign has waived this argument on appeal by failing to raise it in its opening brief. *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003). The district court did not err in concluding that the undisputed facts showed that Sovereign owed more to Western in unpaid premiums than

5

Western would have owed to Sovereign in commissions, and thus, Western did not breach the contract by failing to pay Sovereign any pre-termination contingent commissions.

As with the post-termination contingent commissions, Sovereign argues that the district court's order has the effect of causing Sovereign to "forfeit" its right to receive contingent commissions it allegedly earned prior to termination of the Agency Agreement. But the issue on summary judgment was not whether Sovereign might someday have a right to those commissions. Rather, the district court adjudicated whether, on the facts before it, Western's failure to pay those amounts constituted a breach of contract. The district court properly held that Western did not owe any payment to Sovereign as of June 30, 2004, and thus there had been no breach. This holding does not involve a situation that might occur at a future time.

Sovereign also argues it has claims against Western for interference with prospective economic advantage, accounting, and fraud. Those claims are not specifically discussed in Sovereign's opening brief, and we therefore deem them abandoned on appeal. Similarly, Sovereign's opening brief does not make any argument that Western's termination of the Agency Agreement was, in and of itself, wrongful, and thus any such argument is waived on appeal. Sovereign has

6

also waived its appeal as to claims regarding "renewal rights." Sovereign's opening brief mentions renewal rights only in passing, without citing facts in the record and without providing any specific legal argument regarding the contractual terms related to renewal rights or the provisions of the California statute to which it alludes.

## II.

We next turn to the cross-appeal based on the district court's denial of prejudgment interest for Western. Under Arizona law, "prejudgment interest on a liquidated claim is a matter of right. . . . [and] a claim is liquidated if the plaintiffs provide a basis for precisely calculating the amounts claimed." *Gemstar Ltd. v. Ernst & Young*, 917 P.2d 222, 237 (Ariz. 1996). A claim is not unliquidated "merely because the jury must find certain facts in favor of the plaintiff in order to determine the amount of damages. All that is necessary is that the evidence furnish data which, *if believed*, makes it possible to compute the amount with exactness." *Trus Joist Corp. v. Safeco Ins. Co. of Am.*, 735 P.2d 125, 139 (Ariz. Ct. App. 1986). An unliquidated claim is one where an exact amount

> cannot be definitely fixed from the facts proved, disputed or undisputed, but must in the last analysis depend upon the opinion or discretion of the judge or jury as to whether a larger or a smaller amount should be allowed. . . . [T]he exercise of "opinion or

7

discretion" that renders a claim unliquidated refers to the manner in which damages are calculated.

*John C. Lincoln Hosp. & Health Corp. v. Maricopa County*, 96 P.3d 530, 542 (Ariz. Ct. App. 2004).

Here, the damages were calculated without resort to "opinion or discretion"; they were based on precise accounting records of premiums Sovereign owed Western and when each of those premiums should have been paid. The jury award is properly viewed as the total of a series of line items, where each individual unpaid premium was a definite amount owed on a definite date. Sovereign argues that, under Arizona law, damages are not liquidated if they can only be determined via expert opinion. However, Western's expert did not determine the amount of damages; he only verified the *accuracy* of calculations performed by Western's accounting staff and systems. Moreover, the mere fact that the amounts owed by Sovereign fluctuated during the pendency of the litigation does not render Sovereign's debts unliquidated. *See Homes & Son Constr. Co. v. Bolo Corp.*, 526 P.2d 1258, 1262 (Ariz. Ct. App. 1974). The district court abused its discretion in denying Western pre-judgment interest.

We therefore AFFIRM summary judgment as to all of Sovereign's claims, and REVERSE and REMAND the denial of pre-judgment interest for Western. Sovereign is to bear Western's costs on appeal.