**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

CROCKETT & MYERS, LTD. and J.R.
CROCKETT JR.,
     *Plaintiffs-counter-defendants-*
                *Appellees,*

        v.

NAPIER, FITZGERALD & KIRBY, LLP
and BRIAN P. FITZGERALD,
     *Defendants-counter-claimants-*
                *Appellants.*

No. 10-16040

D.C. No.
2:05-cv-0877-PMP

OPINION

Appeal from the United States District Court
for the District of Nevada
Philip Pro, District Judge, Presiding

Argued and Submitted
October 14, 2011—San Francisco, California

Filed December 16, 2011

Before: Procter R. Hug, Andrew J. Kleinfeld, and
William A. Fletcher, Circuit Judges.

Per Curiam Opinion

**COUNSEL**

Michael K. Wall, Hutchison & Steffen, LLC, Las Vegas, Nevada, for the defendants-counterclaimants-appellants.

Joice B. Bass, Lewis and Roca LLP, Las Vegas, Nevada and Samuel S. Lionel, Lionel Sawyer & Collins, Las Vegas, Nevada, for the plaintiffs-counterdefendants-appellees.

**OPINION**

PER CURIAM:

Brian Fitzgerald appeals for a second time the district court's award to him of $33,333 in quantum meruit based on the unjust enrichment he conferred on Appellee Crockett & Myers, Ltd. (Crockett). In his first appeal, Fitzgerald argued to a previous panel of this court[1] that the district court's quan-

---

[1] Fitzgerald's original appeal was before a different panel of this court but has been referred to this panel following the district court's order on remand.

tum meruit award was erroneous because Fitzgerald referred a major client to Crockett but the award did not account for the value of that referral. The panel agreed and remanded with instructions that the district court recalculate Fitzgerald's quantum meruit award to include the value of the client referral apart from the value of any other services Fitzgerald performed for Crockett. On remand, the district court re-entered its original award of $33,333. We are once again asked to consider whether the district court's $33,333 award was proper, and once again we hold that it was not.

# I

The full factual history of this case is well documented in our opinion following Fitzgerald's first appeal, *Crockett & Myers, Ltd. v. Napier, Fitzgerald & Kirby, LLP*, 583 F.3d 1232 (9th Cir. 2009) (*Crockett I*), so we do not recite it in great detail here. The case is again before this court because Fitzgerald claims that the district court did not follow the remand instructions in *Crockett I*. In the *Crockett I* appeal, Fitzgerald challenged the district court's award to him of $33,333. The district court had awarded Fitzgerald that amount in quantum meruit for his services in a medical malpractice case Crockett had settled on behalf of Wende Nostro, a client Fitzgerald had referred to Crockett. Crockett had ultimately received $500,000 in fees from settling Nostro's case, and Fitzgerald argued that he was entitled to half that amount pursuant to an agreement between him and Crockett. Fitzgerald also pointed out that Crockett had a custom of paying attorneys who refer clients a referral fee equal to one-third of what Crockett recovers, and he argued in the alternative that Crockett was required to pay him that amount in quantum meruit.

After a bench trial, the district court ruled that the agreement was not binding on Crockett and that Fitzgerald was thus not entitled to half of Crockett's recovery, but it concluded that Fitzgerald should be awarded in quantum meruit

for his contributions to the Nostro case. Crockett suggested that Fitzgerald's quantum meruit recovery should be no more than the hourly fees associated with Fitzgerald's work on the case, but the district court determined that amount was too low. The district court ultimately arrived at the amount of $33,333 for Fitzgerald's quantum meruit award, believing that figure to be reasonable compensation for Fitzgerald's efforts in the Nostro case.

This court vacated the award. *Id*. at 1239. While we agreed with the district court that Fitzgerald was not entitled to half of Crockett's $500,000 fee, we held that the district court had "clearly erred" in its calculation of Fitzgerald's quantum meruit award because the $33,333 amount did not reflect the value of Fitzgerald's referral of the Nostro case to Crockett. *Id*. at 1238-39. The district court had arrived at the $33,333 figure by awarding Fitzgerald a percentage of the money he saved Nostro by negotiating with Crockett to reduce her contingency fee from 40% to 33 1/3%. The district court reasoned that Fitzgerald ultimately saved Nostro $100,000 (the additional amount she would have paid Crockett as part of her settlement under its standard 40% contingency fee) and concluded that 33 1/3% of that amount was a reasonable sum deserved by Fitzgerald as compensation for his services in the Nostro case.

We observed that while the $33,333 figure reflected a reasonable approximation of the value Fitzgerald conferred on Nostro by negotiating the lower contingency fee, it did not account for the value to Crockett of Fitzgerald's referral. *Id*. at 1239. We accordingly remanded with instructions that the district court recalculate the quantum meruit award to include the value of the client referral "in and of itself" apart from any other benefit Fitzgerald conferred on Crockett. *Id*. We added as a final note that the district court "may also consider 'established customs' when calculating an award under quantum meruit." *Id*.

On remand, the district court concluded that its original $33,333 quantum meruit award properly compensated Fitzgerald. To this court's instruction that it include the value of Fitzgerald's client referral as part of the quantum meruit award, the district court responded that the referral had indeed been factored into its original calculation. The district court rejected without explanation Fitzgerald's argument that Crockett's ordinary practice of paying a one-third referral fee was an "established custom" as referenced in *Crockett I* and that Fitzgerald should thus at minimum be awarded one-third of Crockett's $500,000 fee. Concluding that its original award "encompasses the reasonable value of Fitzgerald's referral of the Nostro case to Crockett, as well as all other beneficial services provided by Fitzgerald," the district court re-entered the $33,333 sum. Fitzgerald again appeals from the district court's order.

## II

We have jurisdiction over Fitzgerald's appeal under 28 U.S.C. § 1291. A monetary award following a bench trial is a finding of fact we review for clear error. *See Jarvis v. K2 Inc.*, 486 F.3d 526, 529 (9th Cir. 2007). To facilitate appellate review under this standard, Federal Rule of Civil Procedure 52(a) provides that a district court trying an action without a jury must "find the facts specially and state its conclusions of law separately." Fed. R. Civ. P. 52(a)(1). Findings of fact made pursuant to Rule 52(a) must be "explicit enough to give the appellate court a clear understanding of the basis of the trial court's decision, and to enable it to determine the ground on which the trial court reached its decision." *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1090 (9th Cir. 2002) (internal quotation omitted). In particular, the district court's findings of fact as to how it calculates damages or any other monetary award must be made "with sufficient particularity so that they may be reviewed" under the applicable standard on appeal. *See Hatahley v. United States*, 351 U.S. 173, 182

(1956); *Carpenters Local 1273 of United Bhd. of Carpenters and Joiners of Am. v. Hill*, 398 F.2d 360, 363 (9th Cir. 1968).

**III**

**[1]** The district court erred in re-entering its original award of $33,333 on remand. Our instructions in *Crockett I* required the district court to make a specific factual finding as to the value of Fitzgerald's referral of a client whose case enriched Crockett by $500,000, and further to consider any "established customs" in determining that value, if appropriate. *See id*. The district court did not make these findings in its order on remand because it concluded that its original award of $33,333 already encompassed the value of Fitzgerald's referral to Crockett. That conclusion is not supported by the record. The record establishes that the district court calculated its original award based on the amount of money Fitzgerald saved Nostro by negotiating a reduced contingency fee on her behalf, but how much Fitzgerald saved Nostro is not a proper basis for calculating his quantum meruit claim against Crockett. The relevant question for purposes of that quantum meruit claim is how much of a benefit Fitzgerald conferred on Crockett that the latter unjustly retained. *See Thompson v. Herrmann*, 530 P.2d 1183, 1186 (Nev. 1975); *Crockett I*, 583 F.3d at 1238. The prior panel of this court established in *Crockett I* that the proper measure for unjust enrichment to Crockett is the value of Fitzgerald's referral. *See Crockett I*, 583 F.3d at 1239. All that remained for the district court was to find that value based on the evidence the parties presented.

**[2]** After a full bench trial and several rounds of briefing by both parties, the only evidence on record that pertains to the value of Fitzgerald's referral is that Crockett customarily pays attorneys who refer clients a fee equal to one-third of Crockett's ultimate recovery from the referred case. Crockett does not dispute that it usually pays a one-third referral fee, and the district court explicitly found in both its original judgment and its order on remand that this was Crockett's estab-

lished custom. In light of this finding, and of the fact that Crockett recovered $500,000 from the Nostro case, the district court's conclusion that its original $33,333 quantum meruit award encompassed the value of Fitzgerald's referral is plainly erroneous. We hold that, under the circumstances of this case, Crockett's custom of paying a one-third referral fee is the most definitive indication of the value of Fitzgerald's referral of the Nostro case. Thus, the initial measure of Fitzgerald's quantum meruit award is one-third of Crockett's $500,000 recovery from the Nostro settlement, or $166,666.

**[3]** However, we further hold that the $166,666 amount should be reduced to the extent Fitzgerald decreased the overall value to Crockett of the Nostro case. The record establishes that Fitzgerald negotiated on Nostro's behalf to reduce Crockett's contingency fee from 40% to 33 1/3%. To account for this lost value to Crockett, we reduce Fitzgerald's quantum meruit award by $66,666—the additional amount Crockett would have retained but for the lower contingency fee[2]—for a net award of $100,000.

**[4]** We vacate the district court's order awarding Fitzgerald $33,333 and remand with instructions that the district court enter a final quantum meruit award of $100,000 for Fitzgerald in accordance with the foregoing discussion.

### VACATED AND REMANDED.

---

[2]Under its usual 40% contingency fee, Crockett would have received $600,000 from Nostro's settlement and retained $400,000 of that amount after paying Fitzgerald a one-third referral fee. By contrast, under the lower 33 1/3% contingency fee, Crockett recovered only $500,000, of which it would have retained $333,334 after paying Fitzgerald his one-third fee. We deduct from Fitzgerald's award the difference of $66,666.