**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 10 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CROCKETT & MYERS, LTD.; J. R. CROCKETT, Jr.,<br><br>              Plaintiffs-counter-defendants - Appellees,<br><br>  v.<br><br>NAPIER, FITZGERALD & KIRBY, LLP; BRIAN P. FITZGERALD,<br><br>              Defendants-counter-claimants - Appellants. | No. 12-15753<br><br>D.C. No. 2:05-cv-00877-PMP-GWF<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Philip M. Pro, Senior District Judge, Presiding

Submitted April 7, 2014[**]
San Francisco, California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: BENAVIDES,[***] TALLMAN, and CLIFTON, Circuit Judges.

Napier, Fitzgerald & Kirby, LLP and Brian Fitzgerald (collectively "Fitzgerald") appeal from the district court's order denying prejudgment interest and costs in their suit against Crockett & Myers, Ltd. ("Crockett"). This is the third round of appeals we have heard in this matter. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Prejudgment interest is a substantive matter governed by Nevada law. *See In re Exxon Valdez*, 484 F.3d 1098, 1101 (9th Cir. 2007). Under Nevada Revised Statute 99.040(1), prejudgment interest is recoverable "[u]pon contracts, express or implied," or "[u]pon money received to the use and benefit of another and detained without his or her consent." Nev. Rev. Stat. §§ 99.040(1)(a), (c). "Prejudgment interest . . . is only allowed where the damage award is known or ascertainable at a time prior to entry of judgment, either by reference to amounts fixed by the contract, or from established market prices." *Hornwood v. Smith's Food King No. 1*, 807 P.2d 208, 214 (Nev. 1991) (citing *Jeaness v. Besnilian*, 706 P.2d 143, 147 (Nev. 1985)). We review the district court's denial of prejudgment interest under

[***] The Honorable Fortunato P. Benavides, Senior United States Circuit Judge for the U.S. Court of Appeals for the Fifth Circuit, sitting by designation.

state law for abuse of discretion. *Champion Produce, Inc. v. Ruby Robinson Co., Inc.*, 342 F.3d 1016, 1020 (9th Cir. 2003).

Here, the district court applied Nevada Revised Statute 99.040(1) and concluded that Fitzgerald was not entitled to prejudgment interest because the value of Fitzgerald's performance was indefinite and unascertainable until judgment. We agree. Assuming Nevada Revised Statute 99.040(1) allows recovery of prejudgment interest on claims of unjust enrichment, the district court did not err in concluding that prejudgment interest was improper here. The reasonable value of Fitzgerald's services was not ascertainable from a standard fixed in the contract or from established market prices. *See Jeaness*, 706 P.2d at 147. As the district court recognized, Fitzgerald himself offered several different methods to measure his quantum meruit award, and the exact amount due was uncertain until a prior appeal established the proper measure of damages. *See Crockett & Myers, Ltd. v. Napier, Fitzgerald & Kirby, LLP*, 664 F.3d 282, 286 (9th Cir. 2011). Because the amount of money due to Fitzgerald was "neither definite nor readily ascertainable until judgment," *M.C. Multi-Family Dev., L.L.C. v. Crestdale Assocs., Ltd.*, 193 P.3d 536, 547 (Nev. 2008), the district court did not abuse its discretion in refusing to award Fitzgerald prejudgment interest.

3

Even in diversity cases, an award of costs in federal court is governed by Federal Rule of Civil Procedure 54(d). *Champion Produce*, 342 F.3d at 1022. While Rule 54(d) creates a presumption in favor of awarding costs to the prevailing party, the Rule vests discretion in the district court to refuse to award costs. *See* Fed. R. Civ. P. 54(d)(1); *Ass'n of Mexican-American Educators v. State of California*, 231 F.3d 572, 591 (9th Cir. 2000) (en banc). "On appeal, we determine whether the reasons that the district court has specified are appropriate and whether, considering those reasons, the court abused its discretion in denying costs." *Ass'n of Mexican-American Educators*, 231 F.3d at 592.

Here, the district court gave three reasons for denying costs to Fitzgerald: (1) the issues in the case were close and difficult, (2) Fitzgerald's recovery was partial, and (3) Crockett litigated in good faith. We have previously recognized each of these as appropriate reasons for denying costs. *Champion Produce*, 342 F.3d at 1023; *Ass'n of Mexican-American Educators*, 231 F.3d at 592. Because its stated reasons are sufficient to support the decision, the district court did not abuse its discretion in denying costs to Fitzgerald.

**AFFIRMED. Each party shall bear its own costs on this appeal.**

4