**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SHANNA OFFUTT EVANGER,

      Plaintiff-Appellant,

v.

GEORGIA-PACIFIC GYPSUM LLC,

      Defendant-Appellee.

No.   22-35646

D.C. No. 3:17-cv-05521-BJR

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Barbara Jacobs Rothstein, District Judge, Presiding

Submitted August 23, 2023[**]
Portland, Oregon

Before:  BENNETT, VANDYKE, and H.A. THOMAS, Circuit Judges.

Plaintiff Shanna Offutt Evanger ("Offutt") appeals from the district court's

award of $13,877.95 in litigation costs to Defendant Georgia-Pacific Gypsum LLC

("Georgia-Pacific"). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

Offutt sued Georgia-Pacific, her former employer, alleging violations of

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Washington state antidiscrimination law. Georgia-Pacific removed the case to federal court based on diversity jurisdiction. A jury eventually ruled for Georgia-Pacific on all claims, and we affirmed the resulting judgment. *Offutt v. Georgia-Pac. Gypsum LLC*, No. 21-35624, 2022 WL 1955740 (9th Cir. 2022) (unpublished).

Following the trial, and pursuant to Fed. R. Civ. P. 54(d), Georgia-Pacific filed a bill of costs in the district court, seeking reimbursement of $50,388.08 in litigation costs from Offutt. The district court disallowed most of the claimed costs but taxed $13,877.95 against Offutt. Offutt moved to retax costs pursuant to local rules in the Western District of Washington,[1] but the district court declined to amend its order. This appeal followed.

The parties dispute whether federal or state law governs post-litigation awards of costs in federal court. *See Stromberg v. Qualcomm Inc.*, 14 F.4th 1059, 1066 (9th Cir. 2021) (we review the district court's choice of law de novo). But we have repeatedly held that "[a]n award of standard costs in federal district court is normally governed by Federal Rule of Civil Procedure 54(d), even in diversity cases." *Champion Produce, Inc. v. Ruby Robinson Co., Inc.*, 342 F.3d 1016, 1022 (9th Cir. 2003) (citing *In re Merrill Lynch Relocation Mgmt., Inc.*, 812 F.2d 1116,

---

[1] Offutt argues that she is liable for only $2,146.10, or at most, $4,978.55, depending on which deposition costs are taxable.

2

1120 & n.2 (9th Cir. 1987)).  Accordingly, the district court correctly determined that federal law controls.

Next, Offutt argues that the district court abused its discretion by awarding costs in excess of those allowed by federal law.  *See Draper v. Rosario*, 836 F.3d 1072, 1087 (9th Cir. 2016) ("We review a district court's award of costs for abuse of discretion.").  First, she contends that she should only be required to pay for deposition transcripts that were introduced at trial.  But the law authorizes an award of costs "for printed or electronically recorded transcripts necessarily obtained for use *in the case*," not just at *trial*.  28 U.S.C. § 1920(2) (emphasis added).  Although a district court has the discretion to exclude costs for materials that are not ultimately used at trial, *see Wash. Dep't of Transp. v. Wash. Nat. Gas Co., PacifiCorp*, 59 F.3d 793, 806 (9th Cir. 1995), the district court "can, in its discretion, tax those costs even if the items in question were not used at trial," *Sea Coast Foods, Inc. v. Lu-Mar Lobster and Shrimp, Inc.*, 260 F.3d 1054, 1061 (9th Cir. 2001).  Here, the district court provided sound reasons for taxing the cost of procuring each transcript or video: "[I]t appears that all of the transcripts for which [Georgia-Pacific] seeks costs-recovery were for the depositions of individuals that were either (1) on [Offutt's] trial witness list; (2) called by [Georgia-Pacific] to testify at trial; and/or (3) used to prepare [Georgia-Pacific's] cross examination of [Offutt's] expert witness."  Accordingly, we find no abuse of discretion in the

3

district court's decision to tax the cost of all deposition transcripts against Offutt.

In the alternative, Offutt contends that even if she is liable for the cost of all deposition transcripts, certain ancillary costs like video synchronizing, shipping and handling, copying, and scanning (in the total amount of $8,899.40) should be excluded. Offutt provides no authority suggesting that the costs of obtaining transcripts are not taxable under § 1920(2).[2] But even if certain costs are excludable, we agree with the district court that the two lists of itemized costs that Offutt provided in her motion to retax do not clearly explain which costs should be disallowed or why. *See Dawson v. City of Seattle*, 435 F.3d 1054, 1070 (9th Cir. 2006) (to overcome presumption that prevailing party will be awarded taxable costs, "losing party must establish a reason to deny costs"). The district court did not abuse its discretion in either taxing these costs or rejecting Offutt's motion.

Finally, Offutt argues that the district court abused its discretion by failing to consider certain equitable factors that a district court may rely on to decline to tax

---

[2] Offutt does cite *Kalitta Air LLC v. Central Texas Airborne System Inc.*, 741 F.3d 955 (9th Cir. 2013), but that case declined to tax ancillary costs associated with *copying* previously obtained deposition transcripts under a different provision of 28 U.S.C. § 1920., *id.* at 958. Moreover, to the extent *Kalitta Air* disallowed costs for "synchronizing deposition videotapes with their transcripts," 741 F.3d at 959, it is unclear from the invoices in this case whether the costs Offutt labels as "synchronizing" were for actual synchronizing services, or simply for the cost of the *synchronized videos* themselves. Accordingly, Offutt did not meet her burden of explaining why these costs should be excluded. *See Dawson v. City of Seattle*, 435 F.3d 1054, 1070 (9th Cir. 2006).

4

costs. *See Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247–48 (9th Cir. 2014) (providing non-exhaustive list of "reasons for denying costs"). As a threshold matter, Georgia-Pacific argues that Offutt forfeited any such equitable arguments by failing to raise them in her motion to retax costs before the district court. But even putting this to the side, we have explained that in light of the presumption in favor of awarding costs, a district court "need not give affirmative reasons for awarding costs." *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003). In any event, the cost award was not so lopsided as to constitute an abuse of discretion. *Compare Miles v. California*, 320 F.3d 986, 988–89 (9th Cir. 2003) (no abuse of discretion in taxing $12,238.64 against plaintiff in a disability discrimination case); *with Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079–80 (9th Cir. 1999) (cost award of $46,710.97 against an unemployed, "indigent" civil rights plaintiff was an abuse of discretion).

**AFFIRMED.**[3]

---

[3] The parties shall bear their own costs on appeal.