**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| TAMMY P. YOU,<br><br>    Plaintiff - Appellant,<br><br>  v.<br><br>LONGS DRUG STORES CALIFORNIA LLC, doing business as Long Drugs; THOMAS MCKEOWN; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE UNINCORPORATED ASSOCIATIONS, INCLUDING PARTNERSHIP 1 THROUGH 10,<br><br>    Defendants - Appellees. | No. 13-15786<br><br>DC No. 1:11 cv-0530 SOM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Hawaii
Susan Oki Mollway, Chief District Judge, Presiding

Submitted February 17, 2015[**]
Honolulu Hawaii

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2)(C).

Before:     TASHIMA, N.R. SMITH, and FRIEDLAND, Circuit Judges.

Tammy P. You ("Tammy"[1]) appeals from the district court's summary judgment and award of costs in her employment discrimination action against her former employer Longs Drug Stores California LLC and former supervisor Thomas McKeown (together "Defendants").

Tammy brought claims of unlawful discrimination on the basis of her race, ancestry, national origin, sex, age, and perceived disability, as well as for retaliation and intentional infliction of emotional distress. The district court held that Tammy had failed to exhaust her administrative remedies for her claims based on the incidents (including her termination) that were not included in an administrative complaint Tammy had filed with the Equal Employment Opportunity Commission and the Hawaii Civil Rights Commission several months earlier. The court next held that Tammy had failed to establish a prima face case on her remaining claims. The court also awarded costs to Defendants, as the prevailing parties.

We have jurisdiction under 28 U.S.C. § 1291. We review the grant of summary judgment de novo, *Hawn v. Exec. Jet Mgmt., Inc.*, 615 F.3d 1151, 1155 (9th Cir. 2010), and the award of costs for an abuse of discretion, *Champion*

---

[1]     We refer to plaintiff-appellant by her given name, "Tammy," in order to avoid any confusion that might arise by referring to her by her surname, "You," which is identical to the personal pronoun, "you."

2

*Produce, Inc. v. Ruby Robinson Co.*, 342 F.3d 1016, 1020 (9th Cir. 2003). We affirm.

1.      Each of the federal and Hawaii employment discrimination statutes underlying several of Tammy's claims requires a plaintiff to exhaust administrative remedies before filing a civil action against an employer for unlawful discrimination. Tammy's administrative complaint described only confrontational encounters with her supervisors during her training period; it did not include her termination or other encounters that took place several months later. Furthermore, the termination and other non-included events were not reasonably related to the events she described in her administrative complaint. *See B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1100 (9th Cir. 2002), *as amended* ("Allegations of discrimination not included in the plaintiff's administrative charge may not be considered by a federal court unless the new claims are like or reasonably related to the allegations contained in the EEOC charge." (internal quotation marks omitted)). Accordingly, Tammy did not exhaust her administrative remedies with regard to her non-included claims, as she was required to do in order to bring employment discrimination claims in court.

2.      The district court did not err in holding that Tammy failed to meet her burden of establishing a prima facie case for the claims of employment discrimination and retaliation that were included in her administrative complaint.

Tammy did not introduce sufficient evidence showing that there exists a genuine issue of material fact as to whether Defendants' actions were adverse employment actions, or whether Defendants perceived that she had a disability and/or terminated her for unlawfully discriminatory or retaliatory reasons. Additionally, Tammy failed to establish a *prima facie* case of intentional infliction of emotional distress because the conduct she complained of cannot be characterized as "outrageous," "beyond all bounds of decency," or "utterly intolerable in a civilized community." *Ross v. Stouffer Hotel Co.*, 879 P.2d 1037, 1048 n.12 (Haw. 1994) (quoting Restatement (Second) of Torts § 46 cmt. d (1965)).

3.      The district court's award of costs for filing fees, witness fees, subpoena costs, and the printing of deposition transcripts was presumptively permissible under Federal Rule of Civil Procedure 54(d)(1) and the Taxation of Costs statute, 28 U.S.C. § 1920. Tammy failed to show that the award of $3,790.44 in costs was unreasonable in light of her employment status and financial resources. She failed to make any evidentiary showing of her current employment status or her financial condition. *See Save Our Valley v. Sound Transit*, 335 F.3d 932, 946 (9th Cir. 2003) (holding that the losing party bears the burden of overcoming the presumption of awarding costs to the prevailing party)*; Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999) ("[I]t is incumbent upon the losing party to demonstrate why the costs should not be awarded.").

4

* ● *

The judgment of the district court and its award of costs are

**AFFIRMED.**