**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 31 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MAXINE DUGAS, | No. 16-56623 |
| Plaintiff - Appellant, | D.C. No. 2:15-cv-09488-RGK-AFM |
| v. | |
| LOCKHEED MARTIN CORPORATION; DOES, 1–100, inclusive, | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted May 15, 2018
Pasadena, California

Before: WARDLAW, NGUYEN, and OWENS, Circuit Judges.

Maxine Dugas appeals the district court's orders granting summary

judgment in favor of Lockheed Martin Corporation ("Lockheed") and awarding

costs to Lockheed. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. We review a district court's summary judgment determinations de novo,

considering the evidence in the light most favorable to the non-moving party.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

*Fresno Motors, LLC v. Mercedes Benz USA, LLC*, 771 F.3d 1119, 1125 (9th Cir. 2014). "Summary judgment is appropriate where 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(a)). Although Dugas met her initial burden of establishing a prima facie case of age and associational disability discrimination, she failed to raise a genuine issue as to whether Lockheed's proffered legitimate, non-discriminatory reasons for its adverse employment actions were pretext. *See Guz v. Bechtel Nat'l, Inc.*, 8 P.3d 1089, 1113–14 (Cal. 2000) (setting forth the test used to analyze discrimination claims under California's Fair Employment and Housing Act).

2. Lockheed's evidence shows that a slowdown in work and the need to cut overhead were the actual reasons behind eliminating Dugas's "administrative aide specialist" position. On age discrimination, Dugas points out that the terminated administrative aide specialists were older than the "administrative assistants" whom Lockheed retained, and that Lockheed did not hire her for an open administrative assistant position to which she later applied. However, these facts do not create a genuine issue on pretext. There were other meaningful differences between the administrative aide specialists and the administrative assistants that could have motivated Lockheed's termination decision, such as the fact that administrative aide specialists enjoyed the benefits of union representation and

2

administrative assistants did not. *See Hicks v. KNTV Television, Inc.*, 73 Cal. Rptr. 3d 240, 249 (Ct. App. 2008) ("[A] reason cannot be proved to be 'a pretext *for discrimination*' unless it is shown *both* that the reason was false, *and* that discrimination was the real reason." (citation omitted)). Although Lockheed may have ultimately hired a younger person to fill the position Dugas later applied for, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position [is] insufficient" to survive summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). The district court therefore did not err in granting summary judgment on Dugas's age discrimination claim.

3. On disability discrimination, Dugas points to the declaration of a union representative who claims that a Lockheed human resources manager told him that Lockheed terminated the three administrative aide specialists because two of them had disabilities. The manager allegedly stated that, although Dugas was not disabled, she was terminated because the collective bargaining agreement required that she be laid off before the others. This evidence fails to create a genuine issue on pretext because Lockheed's evidence showed that Billy Luffman, Dugas's supervisor, was the one who decided to terminate her, and Dugas's evidence did not raise a genuine dispute of material fact that others were involved in the decision to terminate. Dugas was the only administrative aide specialist under Luffman's supervision, and the undisputed evidence showed that Luffman had no

3

knowledge or input into Lockheed's decision to terminate the other administrative aide specialists. Accordingly, Luffman had no basis to consider the other administrative aide specialists' disabilities in deciding to terminate Dugas, and the union representative's declaration fails to "demonstrate such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the reasons offered by [Lockheed] . . . that a reasonable trier of fact could rationally find the reasons not credible." *Scotch v. Art Inst. of Cal.-Orange Cty., Inc.*, 93 Cal. Rptr. 3d 338, 355–56 (Ct. App. 2009) (citation omitted). The district court therefore did not err in granting summary judgment on Dugas's associational disability discrimination claim.

4. We review a district court's order granting costs for abuse of discretion. *See Brown v. Lucky Stores, Inc.*, 246 F.3d 1182, 1187 (9th Cir. 2001). "Whether the district court has the authority to award costs, however, is a question of law reviewed de novo." *Russian River Watershed Prot. Comm. v. City of Santa Rosa*, 142 F.3d 1136, 1144 (9th Cir. 1998) (citation omitted). The district court did not err or abuse its discretion in awarding costs to Lockheed. Federal Rule of Civil Procedure 54(d) governs the award of costs in civil cases unless a federal statute, another federal rule of civil procedure, or a court order provides otherwise. Fed. R. Civ. P. 54(d)(1); *Champion Produce, Inc. v. Ruby Robinson Co.*, 342 F.3d 1016, 1022 (9th Cir. 2003).

**AFFIRMED.**