**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

MAY 8 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KIEWIT POWER CONSTRUCTORS CO., a Delaware corporation,<br><br>  Plaintiff-counter-defendant-Appellee,<br><br> v.<br><br>CITY OF LOS ANGELES, acting by and through the Department of Water and Power,<br><br>  Defendant-counter-claimant-Appellant. | No. 18-56218<br><br>D.C. No.<br>2:16-cv-02590-AB-GJS<br><br><br>MEMORANDUM[*] |
| KIEWIT POWER CONSTRUCTORS CO., a Delaware corporation,<br><br>  Plaintiff-counter-defendant-Appellant,<br><br> v.<br><br>CITY OF LOS ANGELES, acting by and through the Department of Water and Power,<br><br>  Defendant-counter-claimant-Appellee. | No. 18-56537<br><br>D.C. No.<br>2:16-cv-02590-AB-GJS |

  [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the Central District of California
Andre Birotte, Jr., District Judge, Presiding

Submitted May 4, 2020[**]
Pasadena, California

Before:  OWENS and BADE, Circuit Judges, and MOSKOWITZ,[***] District Judge.

The City of Los Angeles, acting through the Department of Water and Power ("LADWP"), appeals from the judgment and award of damages for the breach of the implied covenant of good faith and fair dealing to Kiewit Power Constructors Co. ("Kiewit"), and the district court's prior denial of LADWP's motion for summary judgment.  LADWP also appeals the denial of its motion for a judgment as a matter of law and post-judgment motions.  Kiewit cross-appeals from post-trial rulings denying prejudgment interest and costs.  We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1.    LADWP contends that the jury's verdict should be vacated as a matter of law because it is contrary to California law regarding public works contracts. Under California law, "public works contracts are the subject of intensive statutory

---

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Barry Ted Moskowitz, United States District Judge for the Southern District of California, sitting by designation.

regulation and *lack the freedom of modification present in private party contracts*."

*P&D Consultants, Inc. v. City of Carlsbad*, 119 Cal. Rptr. 3d 253, 262 (Ct. App.

2010) (emphasis in original) (quoting *Amelco Elec. v. City of Thousand Oaks*, 38

P.3d 1120, 1129 (Cal. 2002)). Lower California courts have recognized that public

contracts cannot be modified orally, enforced by estoppel, or enforced under quasi-

contract theories or implied-in-fact contract theories. *See, e.g.*, *Green Valley*

*Landowners Assoc. v. City of Vallejo*, 194 Cal. Rptr. 3d 19, 29 (Ct. App. 2015);

*Katsura v. City of San Buenaventura*, 65 Cal. Rptr. 3d 762, 765 (Ct. App. 2007).

But the California Supreme Court recognizes that the implied covenant of good

faith and fair dealing applies in all contracts. *Cates Constr., Inc. v. Talbot*

*Partners*, 980 P.2d 407, 415 (Cal. 1999) (citing *Foley v. Interactive Data Corp.*,

765 P.2d 373, 389 (Cal. 1988)). Here, *both* LADWP and Kiewit asserted and

prevailed on claims of the implied covenant of good faith and fair dealing.[1]

LADWP recognizes that the key issue on appeal is the scope of that covenant in

this case. *See Carma Developers, Inc. v. Marathon Dev. Cal., Inc.*, 826 P.2d 710,

727 (Cal. 1992) ("[T]he scope of conduct prohibited by the covenant of good faith

is circumscribed by the purposes and express terms of the contract."). Considering

the California Supreme Court's recognition that the implied covenant of good faith

---

[1] LADWP did not object to the jury instructions or the special verdict form that included Kiewit's breach of the implied covenant of good faith and fair dealing.

3

and fair dealing applies in all contracts, we decline to vacate the jury's verdict in this case as a matter of law.

2.      LADWP contends that if the implied covenant of good faith and fair dealing applies, the judgment awarding Kiewit damages should be vacated because application of that covenant circumvents the express language of the parties' contract and, thus, Kiewit did not have a reasonable expectation of payment.  The implied covenant of good faith and fair dealing only protects "legitimate expectations of the parties which arise from the contract." *Brandt v. Lockheed Missiles & Space Co.*, 201 Cal. Rptr. 746, 749 (Ct. App. 1984) (citation omitted). Although Kiewit did not comply with the contract's provision governing change orders, section 3.16, that provision was not the sole mechanism for Kiewit to seek additional compensation for costs it incurred to meet the original substantial completion date despite the delayed delivery of key equipment by LADWP's original equipment manufacturer ("OEM").  Section 3.19 provided another means for Kiewit to protest and seek additional compensation if Kiewit considered LADWP's demands "outside the requirements of" the contract.  As the district court found, summary judgment was not appropriate because a genuine issue existed on whether LADWP made demands outside the requirements of the contract, thereby triggering section 3.19.  *See* Fed. R. Civ. P. 56(a).

The evidence supports a conclusion that Kiewit considered LADWP's

4

demand that Kiewit meet the original substantial completion date despite the OEM's late equipment delivery to be outside the requirements of the contract. Thus, applying the implied covenant of good faith and fair dealing does not create obligations that are inconsistent with the terms of the contract. *Carma Developers*, 826 P.2d at 727.

LADWP further argues that Kiewit did not comply with the requirements for submitting a claim under section 3.19 and, thus, still lacked a legitimate expectation of payment arising from the contract. *See Brandt*, 201 Cal. Rptr. at 749. A genuine issue of fact on whether Kiewit's communications with LADWP satisfied section 3.19's requirements precluded summary judgment in favor of LADWP. *See* Fed. R. Civ. P. 56(a).

Construing the evidence in favor of Kiewit, as we must on review of the denial of LADWP's Rule 50 motions, does not lead to only one conclusion that is contrary to the jury's verdict. *See Pavao v. Pagay*, 307 F.3d 915, 918 (9th Cir. 2002). The evidence supports the conclusion that, on February 10, 2016, LADWP's tone changed from its earlier communications indicating that it was considering Kiewit's requests for additional compensation. Considering that shift, Kiewit's March 2, 2016 letter taking issue with LADWP's position that the "parties had agreed to a schedule without cost implications" was promptly delivered. The jury could have reasonably concluded the March 2, 2016 letter was

5

a protest for additional compensation under section 3.19(A). Section 3.19(A) did not specify the form of a "written statement of protest," and the March 2, 2016 letter expressed Kiewit's dissent to LADWP's position and thus, was a protest under that word's plain meaning. *See Protest*, Black's Law Dictionary (11th ed. 2019) (A protest is "a formal statement or action expressing dissent or disapproval"); *see also Valencia v. Smyth*, 110 Cal. Rptr. 3d 180, 185-86 (Ct. App. 2010) (recognizing the plain meaning rule).

The jury could also have reasonably concluded that Kiewit certified that it believed the damages requested in its claim actually and accurately reflected LADWP's liability. Section 3.19(C) of the contract required that "all claims" shall be so certified but did impose a certification requirement on the written statement of protest. While the March 2, 2016 letter did not use the word "certify" or the other language in section 3.19(C), it indicated that Kiewit was submitting its cost information pursuant to LADWP's requests and attached supporting documentation regarding Kiewit's costs. Considering the ambiguity in section 3.19's provisions, the jury reasonably could have concluded that, when considered as a whole, the March 2, 2016 letter and supporting documentation regarding Kiewit's costs certified that Kiewit believed LADWP was liable for those costs in compliance with section 3.19(C).

Because the contract provided a mechanism for Kiewit to seek additional

compensation, section 3.19, and because the jury could reasonably conclude that Kiewit satisfied section 3.19's requirements for a protest, Kiewit had a reasonable expectation of payment and the implied covenant of good faith and fair dealing created a duty for LADWP to negotiate Kiewit's protest and the amount of compensation. Therefore, we reject LADWP's argument that the judgment awarding Kiewit damages should be vacated on the ground that the application of the implied covenant of good faith and fair dealing circumvents the express language of the parties' contract. *See Carma Developers*, 826 P.2d at 727.

3.     Prejudgment interest is a substantive matter governed by California law. *See Sea Hawk Foods, Inc. v. Exxon Corp. & Exxon Shipping Co. (In re Exxon Valdez)*, 484 F.3d 1098, 1101 (9th Cir. 2007). Under California Civil Code section 3287(a), a court must award prejudgment interest when a plaintiff is "entitled to recover damages certain, or capable of being made certain by calculation." For purposes of section 3287(a), "[d]amages are deemed certain or capable of being made certain . . . where there is essentially no dispute between the parties concerning the basis of the computation of damages if any are recoverable but where their dispute centers on the issue of liability giving rise to damages." *Warren v. Kia Motors Am., Inc.*, 241 Cal. Rptr. 3d 263, 280-81 (Ct. App. 2018) (internal quotation omitted). But section 3287(a) does not "authorize prejudgment interest where the amount of damages . . . depends upon a judicial determination

7

based upon conflicting evidence [and] . . . cannot be resolved except by verdict or judgment." *Id*. (alteration and quotation omitted). We review the district court's denial of prejudgment interest for abuse of discretion. *Champion Produce, Inc. v. Ruby Robinson Co., Inc.*, 342 F.3d 1016, 1020 (9th Cir. 2003).

The district court applied section 3287(a) and concluded that Kiewit was not entitled to prejudgment interest because the amount of damages was not certain until the jury's verdict. The amount of damages Kiewit requested varied over time by over $2 million. This difference is not minor. *See Chesapeake Indus., Inc. v. Togova Enters., Inc.*, 197 Cal. Rptr. 348, 354 (Ct. App. 1983) (finding that the "large discrepancy" between the amount claimed, $115,000.00, and the final judgment, $34,830.04, supported the conclusion that the amount was not calculable). Additionally, as the district court noted, productivity losses was the major category of Kiewit's additional costs. Kiewit's own expert testified that there are several bases for measuring productivity on a construction site and many different methods for determining what productivity loss is attributable to what cause. The parties disputed the methods for determining Kiewit's costs, whether Kiewit had provided information sufficient to determine those costs, and the accuracy of Kiewit's assumptions about those costs. Kiewit itself offered several different methods for calculating its costs and reduced its evaluation of damages during the litigation. Considering the foregoing, the district court did not abuse its discretion in denying

8

Kiewit prejudgment interest. *See id*.; *Nicholson-Brown, Inc. v. City of San Jose*, 133 Cal. Rptr. 159, 164-65 (Ct. App. 1976), *disapproved of on other grounds by Bullis v. Sec. Pac. Nat'l Bank*, 582 P.2d 109 (Cal. 1978).

4.      Federal Rule of Civil Procedure 54(d) governs the award of costs "even in diversity cases." *Champion Produce*, 342 F.3d at 1022. Rule 54(d) creates a presumption in favor of awarding costs to the prevailing party. *See* Fed. R. Civ. P. 54(d). But when the judgment is mixed, the district court has the discretion to require "each party to bear its own costs." *Amarel v. Connell*, 102 F.3d 1494, 1523 (9th Cir. 1996). This court reviews for an abuse of discretion a district court's decision to award or deny costs. *Ass'n of Mexican-Am. Educators v. California*, 231 F.3d 572, 592 (9th Cir. 2000) (en banc).

Here, the district court gave sufficient reasons for denying costs to Kiewit including that the judgment was mixed, the issues in the case were close and difficult, and the difficulty of allocating costs. These are appropriate reasons for denying costs. *See Champion Produce*, 342 F.3d at 1023; *Amarel,* 102 F.3d at 1523. Because the district court provided sufficient reasons to supports its decision, it did not abuse its discretion in denying Kiewit costs.

**AFFIRMED.** Each party shall bear its own costs on appeal.